JEREMIAH CROWLEY *vs.* PACIFIC MILLS.

Essex. November 9, 1888. — January 2, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Master and Servant — Negligence.*

A boy seventeen years old was set to work on a machine for bleaching and drying cloth, the operation of which was simple, and nearly two weeks later was injured in consequence of putting a finger in between a roll and a hot cylinder, in order to smooth the edge of the cloth, just before it passed upon the cylinder. He had been employed for about six months in doing like work upon a machine substantially similar, except that the distance between the roll and cylinder was somewhat less upon the machine on which he was injured. *Held,* that an omission to instruct him as to the risks of the employment did not constitute negligence.

TORT for personal injuries occasioned to the plaintiff while in the defendant's employment, through its alleged negligence. At the trial in the Superior Court, before *Blodgett,* J., evidence was introduced by the plaintiff tending to prove the following facts, which alone are material.

The plaintiff, a boy about seventeen years old, who had been employed at intervals upon machinery in various mills since he was twelve years of age, was employed by the defendant, in April, 1886, upon machines for printing cloths, consisting in part of rolls and cylinders, around which the cloth was passed. A part of his duty was to take out "double edges" in the cloth, as

it passed over the rolls and around the cylinders through the machine. A "double edge" is a term applied to the turning over or under of the edge or selvage of cloth from half an inch to one and a half inches as it entered upon the first roll of the machine; if not taken out, it would be continued from one roll to another through the machine. It was the custom to take out these double edges by inserting one or more fingers under the turned edge, and thus straightening the cloth so that it went square upon the roll or cylinder. On a printing machine the cloth passed from the first roll, which was placed on a level with the cylinder, but at some distance from it, and slanted down so as to come in contact with the first cylinder at or near its bottom, so that the plaintiff could take out a "double edge" while standing on the floor.

Early in the October following, the plaintiff was directed to go to work upon a machine called a "chemicker," by means of which certain parts of the printed cloths, as they came from the printing machines, were bleached and dried. It consisted of an iron frame, in which were set two hollow revolving cylinders, about six feet in diameter, charged with steam, and four rolls, two being placed above each cylinder. The cylinders and the rolls revolved in opposite directions, and the rolls served to hold the cloth against the corresponding cylinder for nearly their entire circumference, in order to dry it. The rolls and cylinders of the chemicker were nearer together than upon the printing machines, the space between them being from two and a half to three inches wide, which, however, was narrowed at either end of the cylinder to an inch by a projecting rim thereon about an inch wide, and designed to prevent the cloth from slipping off the cylinder. The cloth, after leaving the first roll on the chemicker, passed down around the cylinder, coming into contact with it almost at once after leaving the roll, so that it was necessary for the plaintiff to step up on to the frame of the machine to straighten the edges of the cloth.

On October 29, 1886, the man in charge of the chemicker upon which the plaintiff was working called his attention to a "double edge" near the first roll, and the plaintiff stepped up on to the frame and attempted to take it out in the usual way. He succeeded in smoothing the cloth before the roll, but it was

still forming a double edge at a point between the first roll and the cylinder. The plaintiff testified that he proceeded to put his finger in between the first roll and the cylinder to take out the double edge; that his finger was caught between the cloth and the hot cylinder, and his hand and arm drawn into the machine, causing severe injuries; and that he had been given no instructions by the defendant as to his duty upon this machine, and had not been cautioned as to the danger of the employment, and did not know that the work was dangerous.

Upon these facts the judge ruled, as requested by the defendant, that the action could not be maintained, and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*J. P. Sweeney*, for the plaintiff.

*E. T. Burley & C. U. Bell*, for the defendant.

C. ALLEN, J. The plaintiff's injury was received, according to his own testimony, in consequence of his putting his finger in between the roll and the cylinder, in order to smooth the cloth just before it passed upon the cylinder, by taking out a " double edge," as it was called, that being a term applied to the turning over or under of the edge of the cloth. The plaintiff was seventeen years old, and had been at work for about six months upon a machine substantially like that upon which he received the injury, except that the distance between the roll and the cylinder was less upon the latter machine; and he had been at work upon the latter machine nearly two weeks. The operation of the machine was simple. In view of the plaintiff's age and experience prior to the time of the accident, no duty then rested on the defendant to give him instruction in reference to the risk of possible injury. It could not be deemed necessary at that time to tell him that, if he should put his hand in between the cloth and the revolving cylinder just at or just before the place where the cloth came in contact with the cylinder, there was danger that his hand would be caught. The omission to do this did not constitute negligence on the part of the defendant. *Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261, 267. *Ciriack* v. *Merchants' Woolen Co.* 146 Mass. 182.

*Exceptions overruled.*