ABEL COULLARD *vs.* TECUMSEH MILLS.

Bristol. October 26, 1889. — February 26, 1890.

Present : DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Master and Servant — Instructions to Servant.*

A boy fifteen years old, of ordinary intelligence, after working without instructions for two days upon a machine, and cleaning it daily by inserting his hand through an opening in it and pulling down a hinged apron upon which the dirt lodged, was injured on the third day while so doing by his hand slipping off the apron and being caught between the edge of it and the opening. He knew at the time the relative positions of the opening and apron, that the latter if pulled down and released would spring back and if his hand was in the way would pinch it, and what degree of force was necessary to hold the apron down. *Held*, that he knew all that his employer could have told him, and that he could not recover against the latter for his injuries because of lack of instructions.

TORT for personal injuries occasioned to the plaintiff while in the defendant's employment. At the trial in the Superior Court, before *Blodgett*, J., the plaintiff contended that he was entitled to recover by reason of the defendant's failure to instruct him as to the danger of the work he was set to do.

The plaintiff's evidence tended to prove the following facts. The plaintiff, who was between fifteen and sixteen years of age at the time of the accident, and was of ordinary intelligence, had been at work for several months on machinery of various kinds.

Two days and a half before he was injured he was set to work on a picker in the defendant's cotton mill, without any instructions as to the manner of cleaning it. As the cotton passed through the picker, the seeds and dirt falling from it were caught upon an iron apron, hinged beneath one side to the machine and held in position by a weight. The machine was stopped each day for cleaning, which was done by inserting the hand through an opening on the front side of it, and taking hold of the un-hinged end of the apron and pulling it down, so that the dirt might fall upon the floor and be taken away. Upon the hand being withdrawn, the apron would be brought back into position by the weight. It was a part of the plaintiff's duty to clean the machine, and he did so during the first two days he was at work upon it. On the third day he was attempting to clean it, and had inserted his hand through the opening and had pulled down the apron, when his hand slipped off the edge of the apron, and, as he was withdrawing it, was caught between the apron and the upper edge of the opening, and injured.

At the close of the evidence, the defendant asked the judge to rule that the plaintiff was not entitled to recover. The judge declined so to rule, and submitted the case to the jury upon proper instructions. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the above ruling.

*J. M. Morton,* for the defendant.

*M. Reed,* for the plaintiff.

HOLMES, J. The plaintiff had worked upon the machine two days and a half before the accident. He knew that the iron apron which caught his fingers would spring back if pulled down and released. He knew its position relatively to the front opening, between the edge of which and the apron his fingers were caught. Knowing these facts, he knew that, if he put his hand through the opening and let the flap spring up while it was there, it would get pinched. He also knew by experience the degree of force necessary to hold the apron down. We do not see what the defendant could have told the plaintiff that he did not know before, if he possessed the ordinary intelligence of boys of fifteen. *Ciriack* v. *Merchants' Woolen Co.* 146 Mass. 182. *Probert* v. *Phipps,* 149 Mass. 258.

*Exceptions sustained.*