DAVID PRATT *vs.* CHARLES N. PROUTY & others.

Bristol.     October 31, 1890. — February 27, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Dangerous Machine.*

In an action for personal injuries sustained by the plaintiff, a boy about sixteen years old, while in the defendant's employ, there was evidence that he was set to work upon a machine for skiving leather, consisting of two small, slowly revolving horizontal cylinders, and a knife just back of them; that his work was to serve the pieces of leather to the cylinders, to be taken up by them and drawn through against the knife; and that the cylinders and their movements were in plain sight, and their operation and effect, in drawing in against the knife whatever came between them, were obvious and constantly demonstrated in their use. The plaintiff testified that the defendant told him that, if he got his fingers in, he would get hurt, and he must look out for his fingers; that he knew that, if he put his fingers where the leather went, they would get caught as soon as the leather would; but that he did not realize the danger that his whole hand might be drawn in. *Held*, that there was no evidence to warrant a verdict for the plaintiff.

TORT, for personal injuries received by the plaintiff, a boy about sixteen years old, while in the defendants' employ. At the trial in the Superior Court, *Hammond*, J. refused to rule that the evidence was insufficient to warrant a verdict for the plaintiff, and the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

The case was argued at the bar in October, 1890, and afterwards, in February, 1891, was submitted on the briefs to all the judges.

*W. H. Fox & A. M. Alger*, for the defendants.

*J. Brown*, for the plaintiff.

W. ALLEN, J. The only negligence of the defendants alleged in the declaration, and which could have been found by the jury under the instructions of the court, was setting the ·plaintiff to work upon a dangerous machine without proper instruction or caution. To show negligence in the defendants, it must appear that the danger was such that the plaintiff would not be presumed to know it, and that the defendants did not give him information of it. If he knew and appreciated the danger, he cannot recover. It is enough to refer to *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572; *Sullivan* v. *India Manuf. Co.* 113 Mass. 396; *Rock* v. *Indian Orchard Mills*, 142 Mass. 522; *Ciriack* v. *Merchants' Woolen Co.* 146 Mass. 182, and 151 Mass. 152; and *Coullard* v. *Tecumseh Mills*, 151 Mass. 85; in each of which cases the plaintiff was younger than the plaintiff in the case at bar.

The machine was a skiving machine for shaving off one surface of bits of sole leather used in making the heels of boots. The leather is carried between two small, slowly revolving horizontal cylinders, and against a knife just back of the cylinders. The work of the plaintiff was to serve the pieces of leather to the cylinders, to be taken by them and drawn through between them and against the knife. The danger to be guarded against was that the fingers serving the pieces of leather to the cylinders would be caught between them and drawn through against the knife. This was an open and apparent, and not a hidden danger. Not only were the cylinders and their movements plain to see, but their operation and effect, in drawing in against the knife whatever came between them, were obvious, and were constantly demonstrated in their use. That the plaintiff was a boy of at least ordinary intelligence is manifest, and is not denied; and if he could fail to see and appreciate the danger, all the information and caution that was needed was given to him by the defendants, and his own evidence shows that he knew and understood the danger. He says that the defendants told him

that, if he got his fingers in, he would get hurt, that he must look out about his fingers, and, what testimony was not needed to prove, that he knew that, if he put his fingers where the leather went, they would get caught as soon as the leather would.   He said, indeed, that he did not realize the danger that it would draw his whole hand in.   He may not have realized all the possible consequences of the danger, but that he knew and appreciated the danger of being hurt by having his fingers caught between the cylinders is obvious.   That he was inattentive to his work, and careless, was not evidence that he did not know the danger.   He was told, and knew, that if he was inattentive and careless he was liable to be hurt, and there is no evidence that the injury was not the result of his own want of care. There is no evidence of negligence on the part of the defendants, and no evidence that the plaintiff did not know and appreciate the danger.

The ruling that the evidence was insufficient to warrant a verdict for the plaintiff should have been given.

*Exceptions sustained.*