ARTHUR R. TINKHAM *vs.* HENRY SAWYER & another.

Suffolk.    March 13, 1891. — April 3, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Master and Servant — Dangerous Machine —*
*Instructions to Servant.*

A boy, somewhat over sixteen years of age and of at least ordinary intelligence, was put to work on a picker in a woollen mill. He learned that the machine was dangerous from being told so by those setting him to work and running it, and from helping to clean it several times. It was a part of his duty to gather up and put back into the machine wool blown out of it from an opening therein about two feet from the floor and a foot high by four feet wide, near the mouth of which was a revolving cylinder with teeth on it. In so doing, he had to work carefully, as he knew, because the floor was very slippery. The next day, when at work near the opening, he slipped, his arm went in, and he was injured. *Held*, that his employer was not liable to him because of any neglect to instruct him as to the danger.

TORT for personal injuries occasioned to the plaintiff while in the defendants' employment. Trial in the Superior Court, before *Hammond*, J., who ordered a verdict for the defendants, and reported the case for the determination of this court. If the order was correct, the verdict was to stand; otherwise, a new trial was to be granted. The facts appear in the opinion.

*J. D. Long*, for the plaintiff.

*W. A. Munroe*, (*G. O. Shattuck* with him,) for the defendants.

MORTON, J. We are unable to discover in this case any ground on which it can be held that the defendants are liable. The plaintiff was at the time of the accident somewhat over sixteen years of age, and of at least ordinary intelligence, and had been in the employ of the defendants about a month. Up to the forenoon of the day before the accident, he had been attending to cards in the carding-room of the defendants' mill. He was then set to work to help tend the machine on which he was injured, the accident occurring about the middle of the forenoon of the next day. He was told by the man who set him to work on it that the machine was a dangerous one, and not to touch it when in motion. This was repeated to him by the man who was running the machine. He himself testified that he knew

the machine was dangerous when it was going, and that it was going at the time of the accident. During the day and more that he worked on the machine, he helped clean it a number of times, and had therefore the knowledge thus acquired in addition to the warning and instruction which he had received. He had to sprinkle the wool with oil before it was put into the machine, and this made the floor very slippery, so that, as he testified, he had to walk carefully. It was a part of his duty to gather up the wool from the floor as it was blown out of the machine, and put it back, so that it would go through the machine again. The opening out of which the wool came was about two feet from the floor, and was four feet horizontally by one foot in height. Two or three inches inside of it was a large revolving cylinder with teeth in it. At the time of the accident, he was gathering up wool from the floor so near to the machine, as he testified, that if he slipped he would go into it. He did slip, and his arm went into the opening, and the injury complained of resulted.

Upon these facts, it is clear that the defendants were not negligent in failing to warn or instruct him as to the danger. It is difficult to see what they could have told him that he reasonably might not be expected to know. It is plain also, that the plaintiff understood and appreciated the risks of the employment in which he was engaged, and that the injury, if not due to one of those accidents for which nobody can be said to be to blame, happened from his own want of care in placing himself so near the machine that, if he slipped, there was danger that his arm or some portion of his body would go into it. The defendants were not bound to cover the opening, even if the process which the machine performed would have admitted of it. *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572. *Ciriack* v. *Merchants' Woolen Co.* 146 Mass. 182. *Probert* v. *Phipps*, 149 Mass. 258. *Coullard* v. *Tecumseh Mills*, 151 Mass. 85.

*Verdict to stand.*