JOHN J. MURPHY *vs.* AMERICAN RUBBER COMPANY.

Suffolk.     March 10, 1893. — June 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Boxing of Machinery — Condition of Room as to Light — Slippery Condition of Floor — Risk of Employment — Fellow Servant — Allegation in Declaration.*

An employee slipped on the floor of the room in which he was working, caught his foot between a coupling on the shaft and the floor, and was injured. In an action against the employer, it appeared that under the circumstances there was no duty on the part of the employer to instruct the employee that the coupling on the shaft was not boxed, and the room was properly lighted. There was no allegation in the declaration that the defendant was negligent in allowing the floor to be "slushy," but it appeared that, if such was its condition, it was caused by oil from the machinery, of the oiling of which the plaintiff had charge. *Held,* that, if it was the normal condition of the floor to be wet and slippery, this was a risk which the plaintiff assumed; that if such was not its normal condition, but the slipperiness was caused by the neglect of the man employed to look after the pipes, this was the fault of a fellow servant, and that the plaintiff could not recover.

LATHROP, J.    This is an action of tort at common law, for personal injuries sustained by the plaintiff while in the defendant's employ.   The room in which he worked was a large one, and in it were many machines for grinding rags in the process of making rubber.   These machines were in rows extending the length of the room.   Between the rows were passageways several feet wide, and at intervals of every two machines were cross passageways about three feet wide.   Each row of machines was operated by a long shaft extending the length of the row.   There was also a water-pipe which extended the length of each row and

supplied the steam and water which were necessary to the grind-ing process.    In the manufacture of rubber it is necessary to run steam throu. h this pipe, and then quickly to run cold water through it.    This causes a sudden expansion and contraction of the pipe, and is apt to make it drip a little at the joints.    The only way of remedying this is to tighten the joints with a wrench ; and the defendant employed a man whose sole duty it was to look after the pipes and keep them as tight as possible.

The plaintiff, while passing along one of the passageways, slipped on the floor, and caught his foot between a coupling on the shaft and the floor.    The only acts of negligence on the part of the defendant which are alleged are that the shaft was not covered, that the passageway was not properly lighted, and that the water-pipe was negligently maintained in a leaky condition, so that water leaked therefrom and made the floor slippery.    The plaintiff testified that the water in the passage-way made it slippery, and that after he got hurt he noticed that the passageway was slushy and slippery.

1.    The plaintiff had been in the defendant's employ for a year, working in the room adjoining the one in which he was injured.    He then went to work in the latter room, and had been at work there for at least three weeks before the injury. There is no absolute duty on the part of an employer to box his machinery.    *Sullivan* v. *India Manuf. Co.* 113 Mass. 396.    *Rock* v. *Indian Orchard Mills*, 142 Mass. 522.    *Foley* v. *Pettee Machine Works*, 149 Mass. 294.    *Tinkham* v. *Sawyer*, 153 Mass. 485.    And under the circumstances of the case there was no duty on the part of the employer to instruct the plaintiff that the coupling on the shaft was not boxed.    The fact was obvious and it must be assumed that he could see the condition of things.    When the dangerous character of the machinery is in plain sight, a workman ordinarily must take notice, and no duty rests on the employer to point this out.    See cases last cited.

2.    The plaintiff put in no evidence to show that the passage-way was not properly lighted ; and the uncontradicted evidence is that the room was very light.

3.    If it was the normal condition of the floor to be wet and slippery, this was a risk of the employment which the plaintiff assumed.    *Carey* v. *Boston & Maine Railroad*, 158 Mass. 228,

and cases cited. See also *Tinkham* v. *Sawyer*, 153 Mass. 485. If such was not the normal condition of the floor, but the slipperiness was caused by the neglect of the man employed to look after the pipes, this was the fault of a fellow servant; and the plaintiff cannot recover. *Moody* v. *Hamilton Manuf. Co.*, *ante*, 70, and cases cited.

4. There is no allegation in the declaration that the defendant was negligent in allowing the floor to be " slushy," but we need not rest the case on this ground, as it appears that, if such was the condition of the floor, it was caused by oil from the machinery; and that the plaintiff had charge of the oiling of the machinery in that room.

We see no ground on which the plaintiff can maintain his action.                         *Exceptions overruled.*

*G. Oak*, for the plaintiff.

*S. H. Smith*, (*J. Lowell, Jr.* with him,) for the defendant.