## EDWARD G. CHENEY *vs.* MIDDLESEX COMPANY.

Suffolk.    March 7, 1894. — May 16, 1894.

Present: FIELD, C. J.; HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Due Care — Negligence.*

The plaintiff, a boy eighteen years of age, while in the employ of the defendant, was injured by reason of his hand being caught in the gearing of a spinning machine called a mule. He was, so far as appeared, a person of ordinary intelligence, who had attended the high school and had for a considerable time before the accident worked on spinning machines. Where the plaintiff worked there were two mules about thirty or thirty-five feet long standing back to back with an alley-way two and a half feet wide between them. In the centre of each mule was a gearing which operated the front part of the mule, called the carriage, and did the spinning. This was protected by a framework consisting of uprights and an arm which prevented the gearing from being seen. While the plaintiff was passing through the alley-way with one hand in front of him and the other behind him, a way in which he considered it safe and proper to carry his hands, he heard an outcry, turned quickly around, and dropped one of his hands, which was caught in the gearing. There was apparently no occasion for his going into the alley-way, for he testified that the work which he went in there to perform could be done from the front if the machine was stopped, but that he desired to save time by not stopping the machine, so as to make more money. *Held,* that assuming that the plaintiff was properly in the alley-way, and in the exercise of due care, there was no evidence of negligence on the part of the defendant, and that the plaintiff was not entitled to recover.

LATHROP, J.    This is an action at common law, for personal injuries sustained by the plaintiff while in the employ of the defendant, by reason of his hand being caught in the gearing of a spinning machine, called a mule.    At the close of the evidence, the court directed a verdict for the defendant; and the case comes before us on the plaintiff's exception to this ruling.

The plaintiff was eighteen years of age, and had for a considerable time before the accident worked on spinning machines. He had attended school, and was in the Lowell High School when he went to work for the defendant.    There is nothing to show that he was not a person of ordinary intelligence.    On going to work for the defendant, he was in the picker room for three days, and was then set to work in the mule room, and on the fourth day of his working there was injured.    There were two mules, each about thirty or thirty-five feet long, which

stood with their backs to each other, there being an alley-way two and a half feet wide between them. In the centre of each mule was an arrangement of gearing which operated the front part of the mule, called the carriage, and did the spinning. This gearing was protected by a framework, consisting of uprights and an arm, which prevented the gearing from being seen. While the plaintiff was passing through the alley-way, with one hand in front of him and the other behind him, because, as he testified, he considered it a safe and proper way to carry them, he heard some one cry out, turned quickly round, dropped one of his hands, and it was caught in the gearing.

There does not appear to have been any occasion for the plaintiff to go into the alley-way. While he testified that it was necessary to go there in order to get the spools ready for the operation called doffing, that is, taking off one set of spools and putting on another, he also testified that the doffing could be done from the front by stopping the machine; and he gave as his reason for going into the alley-way to do this work, that he saved the time while the machine would be stopped, and so would make more money.

But if we assume that the plaintiff was properly in the alley-way, and in the exercise of due care, we are of opinion that the plaintiff is not entitled to recover. We fail to find any evidence of negligence on the part of the defendant. There is nothing in the bill of exceptions which discloses any imperfection in the machine. The plaintiff's contention is that he should have been instructed that the gearing was there. But while he testified that he did not know that the gearing was there, he also testified that he supposed there was gearing there in connection with the machine, and that he knew that if his finger got into the gearing it would be a dangerous thing. Supposing that there was danger, he placed his hands in the position above described; and he testified that he thought his hand would not have been caught if they had been kept in that position. The accident does not appear to have been caused by any want of instruction, but by the plaintiff's attention being diverted by an outcry, for which the defendant is not responsible. See *Coullard* v. *Tecumseh Mills*, 151 Mass. 85; *Pratt* v. *Prouty*, 153 Mass. 333; *Tinkham* v. *Sawyer*, 153 Mass. 485; *De Souza* v. *Stafford Mills*,

155 Mass. 476; *Downey* v. *Sawyer*, 157 Mass. 418; *Richstain* v. *Washington Mills*, 157 Mass. 538; *Rooney* v. *Sewall & Day Cordage Co., ante,* 153.            *Exceptions overruled.*

*T. O' Toole, (J. F. McDonald* with him,) for the plaintiff.

*P. Webster,* for the defendant.