## Marsden Company v. John Johnson, a minor, etc.

1. MASTER AND SERVANT—*Duty of the Master Toward Inexperienced Servants.*—It is the duty of the master who sets an inexperienced servant of immature years to work upon dangerous machinery to give him such notice and instruction as is reasonably required by his youth and inexperience to avoid the danger; but this does not absolve the servant from the exercise of such care and caution for his own safety as one of his years and discretion is ordinarily expected to use and employ.

Action in Case, for personal injuries. Appeal from the Circuit Court of Winnebago County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the May term, 1899. Reversed. Opinion filed October 12, 1899. Rehearing denied, April 10, 1900.

ARTHUR H. FROST and ROBERT G. McEVOY, attorneys for appellant.

J. E. GOEMBLE and W. H. SIZER, JR., attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case to recover damages for injuries sustained by appellee while working for appellant, on a machine called "an extractor," used for the purpose of extracting the pith from corn stalks. There was a trial by jury resulting in a verdict and judgment in favor of appellee for $700. A motion for new trial was overruled and the defendant prosecutes this appeal.

The negligence charged in the declaration was that appellant permitted the machine upon which appellee was set to

Marsden Co. v. Johnson.

work to be and remain in an uncovered, exposed and unsafe condition, and allowing it to be in bad order so as to permit corn stalks to become lodged therein in such a manner as to interfere with its proper use and operation, and that while appellee was operating the machine a corn stalk became lodged therein, and appellee, in the exercise of due care attempted to remove the same, and by reason of the exposed and unsafe condition of the machine got his left hand caught between two of the wheels thereof, whereby it was so cut and maimed as to necessitate the amputation of three of his fingers, etc. An additional count charged negligence in failing to instruct plaintiff in the dangers incident to the operation of the machine, and avers his own want of knowledge thereof.

Appellee was a minor about sixteen years old, and had been employed in appellant's factory a little over five days, four of which he had been engaged in operating a machine for sawing corn stalks, but the day before he was hurt he was set to work on the extractor, which he operated all that day, and the following day, until he received the injury complained of; the entire time he worked upon the extractor being one day and two hours. As we understand it, this machine was provided with three sets of rollers working inwardly toward a common center, in which were rapidly driven hollow nozzles. In operating the machine, short pieces of corn stalks were put through the different sized holes in the top plate of the machine, from whence they go to the feed rollers and are drawn through the nozzles. By this means the sheath is taken from the corn stalk and the pith is thereby extracted.

When set to work on this machine appellee was instructed by appellant's foreman as to the manner in which he should feed it, but the evidence does not show that any instruction was given as to what should be done in case a corn stalk should become lodged so as to clog the machine, or that there was any danger in the operation.

On the second day of appellee's work upon the extractor while operating the same, a piece of corn stalk fed into

the machine, became lodged or displaced in one of the sets of rollers, and appellee to remove the same placed his left hand in and under the top of the machine, directly into a set of these revolving rollers and thereby his fingers were caught and crushed.   There is no dispute as to the manner in which the accident occurred, the only question is, whether or not upon the facts appellee has shown a right of recovery.  We are of opinion the evidence entirely fails to show that the machine was out of order or in a dangerous condition when operated by one having due regard for his own safety, or that it ought to have been covered to prevent accident.   Counsel for appellee place their entire claim to a right of recovery upon the proposition that appellee was not properly instructed as to the dangers incident to the running of the machine.   The authorities cited by them fully sustain the proposition, that it is the duty of a master who sets an inexperienced servant, of immature years, to work upon dangerous machinery, to give him such notice and instruction as is reasonably required by his youth and inexperience to avoid the danger.   This principle is based upon good sense, is just and humane, and is too well settled to be a subject of controversy.   But this principle does not absolve the servant from the exercise of such care and caution for his own safety as one of his years and discretion is ordinarily expected to use and employ.   Even a young child knows if he puts his hand in the fire he will be burned, or that if he gets in the way of a moving team or street car he will get hurt.   A boy sixteen years old, if of ordinary intelligence, is possessed of sufficient discretion to avoid obvious and apparent danger and certainly must know if he puts his fingers into revolving rollers of the character of those in the machine in question he can not escape injury.   It would hardly occur to appellant, or its foreman, as necessary to warn appellee not to put his fingers into those revolving rollers.   The danger appears to have been patent and obvious to the most casual observer, as it seems to us, and hence we are of the opinion it was not negligence on the part of appellant not to have given

this warning. Unfortunate as was the accident to appellee, we think it was attributable to his own want of care for his own safety. If we are correct in this view—and a careful examination of the entire evidence has brought us to this conclusion—appellee has not established a cause of action against appellant and is not entitled to recover.

Holding as we do, that upon the facts appellee can not recover, it is unnecessary to consider or discuss other alleged errors in the record.

The judgment will be reversed.

**Finding of Facts,** to be made a part of the judgment. We find as a fact that appellee was injured in consequence of his own carelessness and negligence, and not as a result of any negligence on the part of appellant. That appellee failed to exercise such ordinary care and caution for his own safety as one of his years and discretion would ordinarily be expected to use and exercise under similar circumstances, and that in consequence thereof he received the injuries complained of.