### Charles Frink v. C. L. Potts, by His Next Friend.

1. MASTER AND SERVANT—*Where Servant Fails to Use Appliances Furnished Him.*—Where the servant fails to use a stick furnished him for the purpose of safely cleaning the rollers of a corn shredder, but chooses the more dangerous method of using his hand for that purpose, he assumes all the risk incident to the increased danger which he thereby incurs.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge

presiding. Heard in this court at the May term, 1902. Reversed. Opinion filed November 1, 1902.

Charles I. Will and Barry, Morrissey & Fifer, attorneys for appellant.

Livingston & Bach, attorneys for appellee.

Mr. Justice Burroughs delivered the opinion of the court.

The appellee, C. L. Potts, a minor, by S. J. Potts, his next friend, brought an action on the case in the Circuit Court of McLean County against the appellant, Charles Frink, to recover damages for injuries sustained to his right hand while he was assisting the appellant to operate a corn shredder on the farm.

The case was tried by jury and resulted in a verdict and judgment in favor of the appellee for $750. The appellant moved for a new trial, which was denied. He excepted, brings the case to this court by appeal, and to effect a reversal of the judgment, among other things urges that the verdict is contrary to the evidence, and for that reason the Circuit Court ought to have directed a verdict in his favor as requested at the close of the evidence for the appellee, and again at the close of all the evidence.

The declaration charges that the appellant engaged the appellee, who is a minor, to assist him in operating a hay press; but instead of putting him at that work, put him to removing corn stalks off the rollers of a corn shredder while in operation, with a stick, which work exposed him to great danger, of which he was ignorant; that the appellant failed to inform the appellee of such danger before setting him to do that work, and assured him that he (appellee) was safe in doing that work; that the appellee, relying upon that assurance, set to doing that work, and while using ordinary care for his own safety, got his right hand caught by the screws on the rollers and it was greatly injured.

The appellant pleaded not guilty. The evidence shows that the appellant was operating a hay press and a corn shredder, and employed the appellee, who was at the time eighteen and a half years old, and a very intelligent young

man, to aid him in operating the hay press or the shredder as occasion might require. The appellee commenced working for the appellant on November 4, 1901, and his duties were to haul water, oil the corn shredder and keep the husking rollers thereof clean when occasion required. There were twelve of these rollers, which worked in pairs, those of each pair turning inwardly. The rollers of each pair are set so close together that nothing thicker than the blade of an ordinary knife can pass between them. There are screws set on the surface of the rollers so that when the rollers turn, the screws catch the shucks and strip them off the ears of corn. Between every pair of rollers, there is a dividing iron extending five or eight inches above their entire length. The rollers are plainly visible while the shredder is in operation. When the appellee was set to work, he was told by the appellant to use the stick furnished him to clean the rollers, and not to clean it without the stick for the reason that it was dangerous to clean it with his hands as they might get caught by the screws on the rollers. The stick which was furnished to the appellee to clean the rollers with, was three and a half feet long, two inches wide, and one and a half inches thick. The appellee worked around the shredder all of the first day of his employment and until the afternoon of the second, when, while cleaning the rollers, the glove on his right hand got caught by the screws on the rollers and his hand was badly injured.

The appellee testified that while using the stick to clean the rollers in the manner that the appellant showed him, it got caught in them and pulled his hand down to the screws, which injured it. He also testified that after working a while cleaning the rollers, he found it was very dangerous work and on that account wanted to quit it, and so informed the appellant, who assured him that by using the stick he was in no danger; and that relying upon that assurance he continued to clean the rollers with the stick until his hand was hurt in the manner above indicated. The appellant, however, testified that the appellee never

told him that he wanted to quit cleaning the rollers because he found the work endangered him. There were several witnesses who testified that they saw the appellee frequently use his hands without the stick to clean the rollers; that they said to him not to do so or he would get his hands hurt, and he replied that he would not get hurt. Just after appellee's hand was hurt, the stick was found near where he stood when hurt, and it showed no indication whatever of being caught in the shredder; and the evidence clearly shows that it was impossible for it to get caught and pull appellee's hand onto the rollers in the way he testified that it did.

At the close of appellee's evidence, the appellant moved for a peremptory instruction to the jury to return a verdict in his favor, and presented to the court a written instruction to that effect, with the request that it be given, but the court refused to grant the instruction, to which ruling the appellant excepted; and again at the close of all the evidence, the appellant renewed his said motion and request for a peremptory instruction, both of which, however, the court again denied, and he again excepted.

It is manifest from the evidence that the appellant was using his right hand to clean the rollers at the time he got it hurt, when he should have been using the stick as instructed by the appellant. The use of his hand without the stick under the circumstances, was clearly against the directions of the appellant, and was clearly such negligence on his part as precludes him from recovering any damages from the appellant for the injury received in direct consequence of his own foolish act.

There is no dispute but that the appellant understood that if his hand got too near the rollers when they were in motion, it would be injured, and that the stick was given him to clean them with, so as to avoid getting his hand near them; and when he failed to use the stick as directed, and chose to use his hand in the manner he did, he assumed all the risk incident to the increased danger which he thereby incurred. Jones v. Roberts, 57 Ill. App. 56; Chicago &

Alton R. R. Co. v. Pettigrew, 82 Ill. App. 33; Marsden Co. v. Johnson, 89 Ill. App. 100; and Ryan v. Armour, 166 Ill. 568.

The trial court should therefore have given the peremptory instruction as requested by the appellant, and for that reason the judgment will be reversed, with a finding of facts.

**Finding of facts** to be incorporated in the judgment:

And it is found as a fact that the injury of which the appellee complains was inflicted in consequence of his own negligence and not as a result of any negligence on the part of the appellant; that the appellee chose to clean the rollers of the corn shredder with his hand instead of with the stick as directed by the appellant, and he was injured for that reason; and that in so doing he chose a more dangerous mode of performing his work than that directed by the appellant, in consequence of which the appellee assumed the hazard of being injured in the manner in which he was. And that the appellee, at the time he was injured, understood the danger of using his hand instead of the stick to clean the rollers of the corn shredder.