JOE HANEL, Respondent, v. JOHN OBRIGEWITSCH, Doing Business under the Name and Style of Dickinson Roller Milling Company, Appellant.

(3 A.L.R. 1029, 168 N. W. 45.)

Employer — to instruct employee as to dangers — rule requiring — object of — to give employee needed information — employee having such knowledge — failure to give is not proximate cause of injury in such case — negligence cannot be based on failure in such case.

1. The rule requiring the employer to instruct his employee and to warn him of dangers is only for the purpose of supplying the latter with information which he is not supposed to have, and, if it is shown that the employee did, in fact, possess the knowledge and an appreciation of the danger, a failure to warn him can in no sense be said to be the proximate cause of the injury, and, if not a proximate cause of the injury, it cannot be actionable negligence.

---

NOTE.—On the duty of a master to instruct and warn his servants as to the perils of the employment, see comprehensive note in 44 L.R.A. 33. On duty of master to warn servant of dangers of which he is already aware, see note in 29 L.R.A. (N.S.) 111. .

For authorities passing on the question of master's duty to warn and instruct servant employed in dangerous work, see note in 1 Am. St. Rep. 548.

**Employee — dangers — presumed to see and understand — prudence and intelligence require.**

2. An employee is presumed to see and understand all dangers that a prudent and intelligent person of the same age and experience and in the same capacity for estimating their significance would see and understand.

**Dangers — risks — apparent and plain — employee presumed to appreciate them.**

3. The danger of having one's fingers crushed, if placed between the rollers of a machine for the purpose of removing material which has clogged the same, and while the engines are working and the machine is in operation, is a risk which is so patent and apparent that an employee of reasonable intelligence would be presumed to know and appreciate it.

Opinion filed May 18, 1918.

Action for personal injuries.

Appeal from the District Court of Stark County, Honorable *W. C. Crawford,* Judge.

Judgment for plaintiff. Defendant appeals.

*Casey & Burgeson,* for appellant.

The injury of the plaintiff was caused by his own negligence. The evidence clearly shows that he knew all about the operation of the feed-grinding machine and was familiar with all its workings, and that any dangers were clear and apparent to one of his knowledge and intelligence. Kroger v. Cumberland Fruit Package Co. 130 N. W. 513.

"Where a young man nineteen years old testifies that he did not know that, if he got his fingers into the rolls of a straw cutter they would be caught thereby, and that if caught he would be injured, it is not evidence tending to establish that such were the facts, and a nonsuit is proper." Rothe v. Barrett Mfg. Co. 71 N. W. 1034; Gardner v. Paine Lumber Co. 101 N. W. 700.

Where an employee of ordinary intelligence knows of dangers in connection with his employment, or where such dangers are clear, open, and apparent to such person of the age of the plaintiff, no instructions in relation thereto, from the employer, are necessary or required. Groth v. Thomann, 86 N. W. 178; Crowley v. Pacific Mills Co. 19 N. W. 344; Connelly v. Eldridge, 36 N. E. 469; Berger v. St. Paul M. & M. R. Co. 38 N. W. 14; Ciriack v. Merchants' Woolen Co. (Mass.) 15 N. E. 579;

De Souza v. Stafford Mills (Mass.) 30 N. E. 81; Pratt v. Prouty (Mass.) 26 N. E. 1002; Coullard v. Tecumseh Mills, 23 N. E. 730.

"An employer is not bound to indemnify his employee for losses suf-- fered by the latter in consequence of the ordinary risks of the business. in which he is employed." Comp. Laws 1913, ! 6107; Truntle v. North Star Woolen Mills Co. 58 N. W. 832; Henry v. King Phillip Mills (Mass.) 29 N. E. 581; Patnode v. Warren Cotton Mills, 32 N. E. 161.

"The employer was under no obligation to warn plaintiff of the danger which was known to him, however his knowledge may have been ac- quired, and therefore he may not have appreciated the full extent of the danger." Downey v. Sawyer (Mass.) 32 N. E. 654; Derringer v. Tatley, 34 N. D. 43.

*W. F. Burnett,* for respondent.

Plaintiff was inexperienced in the working or handling of such ma- chinery, and where the master gave him wrong or improper instructions, and plaintiff relied and acted upon them, the master or employer would be liable.

The question of what instructions were given, how they were given, and whether relied on by plaintiff, is properly one for the jury. Tuck- ett v. Am. S. & H. Laundry (Utah) 4 L.R.A.(N.S.) 990; Ross v. Double Shoals Cotton Mills, 140 N. C. 115, 52 S. E. 121.

The supreme court will not disturb the verdict of a jury if there is a question of fact necessarily involved, or if there is any evidence of neg- ligence. Cameron v. Great Northern R. Co. 8 N. D. 124; Zink v. La- hart, 16 N. D. 56; Hall v. N. P. R. Co. 16 N. D. 60, 14 Ann Cas. 960; Umsted v. Colgate Farmers Elev. Co. 18 N. D. 309; Webb v. Dinnie Bros. 22 N. D. 377; Wyldes v. Patterson, 24 N. D. 218; Messinger v. Valley City Street & I. R. Co. 21 N. D. 82, 32 L.R.A.(N.S.) 881; Roux v. Blodgett & D. Lumber Co. (Mich.) 13 L.R.A. 728; Haines v. L. S. & M. S. R. Co. 129 Mich. 484, 89 N. W. 349; Smith v. Spokane, 16 Wash. 408, 47 Pac. 888; Stevenson v. Sheffield Brick & Tile Co. 151 Iowa, 371, 130 N. W. 586; Yanike v. Chicago & N. W. R. Co. 149 Wis. 554, 136 N. W. 329; O'Brien v. N. W. Consol. Mill. Co. 119 Minn. 4, 137 N. W. 399.

"The test of contributory negligence or want of due care is not found in the failure to exercise the best judgment or to use the wisest precau- tion, but allowance may be made for the influences ordinarily governing

human action, as what would, under some circumstances, be want of reasonable care, may not be such under others." Lent v. New York C. & H. R. R. Co. 120 N. Y. 467.

"Where there is a safe and an unsafe way of doing the work the master must give an unskilled servant instructions how to do it to avoid injury." Wright v. Stanley, 119 Fed. 330; Royer v. Tinkler, 16 Pa. Super. Ct. 457; Sheetran v. Trixler Stove etc. Co. 13 Pa. Super. Ct. 219.

This is true as a duty, even though the servant does not ask for instruction. Missouri P. R. Co. v. Watts, 64 Tex. 568.

BRUCE, Ch. J. This is an action to recover damages for personal injuries occasioned by the hand of the plaintiff being caught and crushed between two rollers in a flour and feed mill. The plaintiff was a man of thirty-nine years of age. He had worked at the blacksmith's trade for years in Russia, before coming to the United States, and during such employment had repaired wagons, plows, etc. He does not, however, seem to have been there employed around machinery. After coming to the United States he farmed for a while and while doing so and for about eight months used an ordinary farm feed mill. He had been working for about three and one-half months at the particular employment at which he was injured, and that employment seems to have furnished all of his real knowledge of grinding machinery. The machine at which he was injured was an iron frame with three sets of rolls inclosed, about 18 inches apart and one above the other. There was an opening in the iron frame just below each set of rolls. This opening was covered by an iron door which fitted into the machine so as to prevent dust coming out, and *the bottom of the door was about 6 inches above the set of rolls below.* In order to get his hand caught in the rolls, it was necessary to put it in the door, and down from 4 to 6 inches before it would reach the top of the rolls, or it would have to be drawn by something or by some means down that distance. So, too, as the rolls were about 17 inches in diameter it would be necessary that the fingers should be put or drawn a few inches lower between the rolls before they would be caught.

The negligence charged is, "that the defendant carelessly and negligently failed to instruct the plaintiff in respect to the mechanism of the said grinding machine, or as to the use thereof, or as to the manner of

operating the same, and neglected to warn the plaintiff relative to the risks incident thereto, and especially of the danger and risk of his hands being caught or drawn in between the rolls of said machine, although the plaintiff was ignorant of said danger and risks.

"That the defendant negligently and carelessly failed to provide a proper belt for the operation of said machine; that said machine was intended to be equipped, and should have been equipped, with a belt 6 inches in width; that prior to the time plaintiff entered the employ of the defendant, one of the belts on said machine had worn out, and the defendant negligently replaced the same with an old 4-inch belt, which was inadequate, and not of sufficient strength or width to properly operate and turn said grinder machine; and that the defendant with knowledge negligently permitted, allowed, and authorized the use of said defective, unfit, and worn belt in the operation of said machine and equipment so furnished by him, and negligently failed and neglected to warn and instruct the plaintiff of such dangerous, unfit, and defective appliance.

"That on or about the 18th day of November, 1914, while the defendant was operating said machine in the usual and ordinary manner, under instructions and by the direction of the defendant, the said machine, by reason of said defective and unfit belt and appliance, choked up and clogged, thereby making it necessary for the plaintiff in the course of his employment to clean the same to prevent injury to said machine and belting, and to protect and preserve his employer's property, and that while the plaintiff was cleaning said clogged machine in the usual and ordinary manner by reason of said defective belt, and by reason of the failure of the defendant to warn and instruct the plaintiff as to the dangers incident to the use of said defective machine and appliance, the plaintiff was injured as hereinafter set forth, to wit, while cleaning said machine in the usual and ordinary manner, and without negligence on the part of the plaintiff, the said machine which had become clogged, as hereinbefore set out, suddenly started and caught the right hand of the plaintiff between the rolls of said machine, and cut and bruised the same so that two fingers thereof had to be amputated, and all the joints of plaintiff's said hand became ankylosed so that the plaintiff has totally and permanently lost the use of said hand."

The answer is a general denial and in addition contains the defense that the plaintiff was not employed to work around the machine at all,

nor did his duties take him there, and that, "further answering, the defendant alleges that the belts driving the feed mill were in first-class condition for doing the work of grinding grain, and the rolls and everything connected with such work were properly covered so as to prevent accidents of any kind; that the plaintiff had no right or authority to be anywhere near such rolls, and in order for him to have his hand injured, it was necessary for him to open the door of the covering for such rolls and stick his hand in there; that the rolls between which he struck his fingers were not used for the grinding of grain at all, but were running spread apart and idle; that the defendant hired a miller for the purpose of looking after the grinding of feed as well as the grinding of flour, and it was not the duty of nor was plaintiff allowed to have anything to do with the rolls grinding the feed by which his hand was hurt.

"That upon information and belief defendant alleges that plaintiff, on the day in which he was hurt, came into the mill intoxicated, and because of such condition opened the door of the cover securely covering such rolls, stuck his hand between said rolls while running, and by so doing injured two fingers of his hand; that he was not at that time performing any duty imposed upon him by the defendant, nor was he doing anything that he was instructed or allowed to do, and his injuries were caused because of his intoxicated condition and his negligence in interfering with the machinery his duties did not require him to touch in any manner."

The defense of intoxication was clearly presented and must be conceded to have been determined in favor of the plaintiff by the verdict of the jury. The defense that the plaintiff was not employed to work around the machinery appears to have been abandoned.

The defense of contributory negligence and of the assumption of risk are hardly pleaded. The only real defense that is left is that of lack of negligence on the part of the defendant. On this point, however, it would appear that the claim that the belts on the so-called slow side of the machine were too small, and that this occasioned the machine to choke up, should be eliminated if, indeed, it has any merit, since these belts were on the machine at the time of the employment. The plaintiff knew of none other, and the machine choked at the beginning of his employment and choked repeatedly afterwards. Perhaps larger belts would have prevented the choking, though of this we are by no means certain. The case, however, is very similar to that in which one is employed to

39 N. D.—35.

drive an automobile which has no self-starter, and who breaks his arm while cranking the machine. It may be true that there would have been no accident, if a self-starter had been furnished. No court, however, would hold the master liable for the lack of the equipment.

The question, then, which is presented to us is, Where a person is employed to work in a mill, and in the grinding of grain at a machine, which is so equipped that it is liable to clog when grain is run there-through, and when no specific instructions are given as to the care of the machine and as to the method of cleaning it when the clogging takes place, and when soon after the employment the machine does clog and the employer uses a method to relieve the difficulty, which is dangerous and palpably dangerous to anyone, can an adult employee, merely because the employer has used that method, continuously continue so doing without complaint, and can he later and, when injured, recover damages, because he was not told that the method used was dangerous?

To put the question in another form. Is it negligence for an employer to fail to warn an employee of a danger that is so obvious that one of his age and experience should readily realize it, or to refrain from a practice which such employee must realize is fraught with danger?

The plaintiff himself testifies that no specific instructions were given to him as to how to clean out the machine when it clogged, and admits that there was a way to stop the rolls and to thus work in safety, and that that was to either throw off the belt or to stop the engine.

After stating that the machine clogged about a week after he started to work, he testifies as follows:

He, Obrgewitsch, came right over and cleaned out that machine, and then he pressed on the belt and the machine started again. I simply told him that it stopped, that he would have to come over there. He opened one of the little doors and cleaned it out with his hand.

Q. I will ask you to state whether or not Mr. Obrigewitsch pulled out the feed or whatever there was in there with his hand out onto the floor, out through the door?

A. Yes, sir.

Q. Then when he pulled the feed out what did he do, if anything?

A. He pressed on the belt and the machine started up again.

Q. After this did the machine clog again?

A. Yes. It stopped a great many times especially when the grain was a little damp, or a little damp oats, why it bothered considerably.

Q. What did you do then, when the machine stopped?

A. I always proceeded to clean the machine the same way as I seen it done, the same way as I seen Mr. Obrigewitsch clean it.

Q. Now, did Mr. Obrigewitsch ever give any warning or caution about the danger of any parts of the machinery in the mill?

A. He never told me, or I never asked.

Q. Did Mr. Obrigewitsch see you clean this machine afterwards at different times?

A. I could not state positively he seen me, because I was always busy and had to watch the roll closely. He could have been there many times, but I could not say positively that I seen him there. The machine clogged so many times that I could not state. Sometimes it was two or three times a day, and sometimes it would not clog for a couple of days. Just as soon as wet grain would come around it would clog two or three times or more.

Q. Did you always or did you not use the same method of cleaning it out as that you had seen Mr. Obrigewitsch use?

A. Yes, sir. I never asked anybody else afterwards. I was crippled on the 17th day of November. The machine was clogged as usual.

Q. On each of the times when the machine was clogged and you cleaned it out with your hand, what, if anything, did you do to the belt to start it?

A. After I cleaned it out and seen the machine would pretty near go, I would either bear down on the belt with my knee, or sometimes on my hand, and then the machine would get hold again and start running. On the day of my injury I started to clean the machine, as usual it clogged up on me, and I got it nearly all out. I didn't see it was clogged out well enough, so I wanted to take out another handful, and just about the time I was reaching in for the rest of it, or the last hand full, to get a little more out of there, the machine suddenly moved and caught my finger.

Q. Did this machine ever start like that before on any occasion when you cleaned it without pressing on the belt?

A. The machine has never started that way before, and I was certain

it would never start. If it had started I would have been more careful and have looked out for it.

It is perfectly clear that it would have been the height of folly to have attempted to clean the machine when the rolls were revolving; for even if the fingers would not touch they would have been drawn down by the feed and particles that were being ground. The evidence shows that in the past this portion of the machine had frequently choked, and although the other rolls were still turning on the occasion of the cleaning by the employer and the particular rolls did not then revolve again until the belt was pushed against the wheel, had anyone the right to rely on such a fact?

We think not. The method employed by the master was certainly a dangerous one, but this fact must have been apparent to anyone of any intelligence, and the evidence is far from showing that the plaintiff lacked ordinary intelligence in this respect. Crowley v. Pacific Mills, 148 Mass. 228, 19 N. E. 344; DeSouza v. Stafford Mills, 155 Mass. 476, 30 N. E. 81; Coullard v. Tecumseh Mills, 151 Mass. 85, 23 N. E. 731; Ciriack v. Merchants' Woollen Co. 146 Mass. 182, 4 Am. St. Rep. 307, 15 N. E. 579; Berger v. St. Paul M. & M. R. Co. 39 Minn. 78, 38 N. W. 814, 16 Am. Neg. Cas. 251; Connolly v. Eldredge, 160 Mass. 566, 36 N. E. 469; Groth v. Thomann, 110 Wis. 488, 86 N. W. 178; Gardner v. Paine Lumber Co. 123 Wis. 338, 101 N. W. 700; Roth v. S. E. Barrett, Mfg. Co. 96 Wis. 615, 71 N. W. 1034; Kroger v. Cumberland Fruit Package Co. 145 Wis. 433, 35 L.R.A.(N.S.) 473, 130 N. W. 513.

We realize that there are cases where an employee is entitled to rely upon the superior knowledge of his employer. Even, however, if the action of the employer in cleaning the roller in the way that he did could in any way be construed to be an instruction, it can hardly be believed that he had any superior knowledge in this respect. Surely everyone who has worked on a farm or anywhere else knows that it is dangerous to try to remove particles from between turning wheels, and that while machinery is in operation and the engines are working the rolls are liable at any time to start revolving, even though they may be temporarily clogged, and this even though the pressing of the belt thereon may increase the friction and more surely and immediately produce the result.

It is perfectly true, as pointed out by the plaintiff, that it is a general rule that where there is a safe and unsafe way of doing the work, the master must give the servant instructions how to do it to avoid injury. Missouri P. R. Co. v. Watts, 64 Tex. 568.

There is, however, no reason to believe that in the case at bar the question of skill was involved. It was a mere question of the ordinary knowledge which everyone possesses. The plaintiff himself testifies that there was a way to stop the rolls and to thus clean the machinery with safety, and that was either to throw off the belt or to stop the engine.

The question is not one of contributory negligence or of the assumption of risk. It is a question of negligence merely. The case comes within the rule that "there is no duty of warning and instruction, if the employee's duties are simple and the danger obvious, or, if by any other means he possesses knowledge of the risk to which he is subjected. The rule requiring the employer to instruct his employee and to warn him of danger is only for the purpose of supplying him with information, which he is not presumed to have, and, if it is shown that the employee did, in fact, possess the knowledge [and an appreciation of the danger], a failure to warn can in no sense be said to be the proximate cause of the injury, and, if not the proximate cause of the injury, of course it cannot be actionable negligence. The employee is presumed to see and understand all dangers that a prudent and intelligent person of the same age and experience and with the same capacity for estimating their significance would see and understand." 18 R. C. L. 569, 570.

The authorities upon the subject are very numerous and are practically all to the same effect. In Marsden Co. v. Johnson, 89 Ill. App. 100, the plaintiff, a boy of sixteen years, was injured while trying to remove a cornstalk, which had clogged the machine. Among other things the court said: "A boy sixteen years old, if of ordinary intelligence, is possessed of sufficient discretion to avoid obvious and apparent dangers, and certainly must know, if he puts his fingers into revolving rollers of the character of those in the machine in question, he cannot escape injury. It would hardly occur to appellant or its foreman as necessary to warn appellee not to put his fingers into these revolving rollers. The danger appears to have been patent and obvious to the most casual observer, as it seems to us; and hence we are of the opinion it was not negligence on the part of appellant not to have given this warning."

In the case of Lowcock v. Franklin Paper Co. 169 Mass. 313, 47 N. E. 1000, 3 Am. Neg. Rep. 659, it was held that the employer was not negligent in failing to instruct a boy of fifteen "that his hand would be caught like the paper if he put it in too far between revolving cylinders, as the danger was apparent." It was also held that "the statement of an employer to an employee putting paper between a revolving cylinder and a moving belt with the use of a split stick, that he could use his hands and it would not be dangerous, did not assert or suggest that his hands would not be caught and drawn along like the paper, when in contact with the inward moving surfaces."

In the case of Crowley v. Pacific Mills, 148 Mass. 228, 19 N. E. 344, the court said: "The plaintiff's injury was received, according to his own testimony, in consequence of his putting his finger in between the roll and the cylinder, in order to smooth the cloth, just before it passed upon the cylinder, by taking out a 'double edge,' as it was called, that being a term applied to the turning over or under of the edge of the cloth. The plaintiff was seventeen years old, and had been at work for about six months upon a machine substantially like that upon which he received the injury, except that the distance between the roll and the cylinder was less upon the latter machine; and he had been at work upon the latter machine nearly two weeks. The operation of the machine was simple. In view of the plaintiff's age and experience prior to the time of the accident, no duty then rested on the defendant to give him instructions in reference to the risk of possible injury. It could not be deemed necessary at that time to tell him that, if he should put his hand in between the cloth and the revolving cylinder, just at or just before the place where the cloth came in contact with the cylinder, there was danger that his hand would be caught. The omission to do this did not constitute negligence on the part of the defendant."

In the case of Kuich v. Milwaukee Bag Co. 139 Wis. 101, 120 N. W. 261, it was held that "where an employee about fourteen and one-half years old feeding bags into a printing machine could not fail to appreciate the danger if her fingers were grasped by the nippers grasping and drawing the bags into the machine, and the employee had been engaged in the operation of such machines for several months, and she possessed the intelligence and information to understand the danger incident to

her work, the employer was not required to instruct her, or to give her warning as to the danger of her fingers being caught by the nippers."

Numerous holdings to the same effect are everywhere to be found. See 18 R. C. L. 569, 570, and note to Cronin v. Columbian Mfg. Co. 29 L.R.A.(N.S.) 111; Ewing v. Lanark Fuel Co. 65 W. Va. 726, 29 L.R.A.(N.S.) 487, 65 S. E. 201.

Most of the cases cited are cases of minors. If the rule is applicable to minors, much more must it be applicable to adults.

We therefore hold that no negligence was shown, and the judgment of the District Court is reversed, with directions to dismiss the complaint.

GRACE, J. I dissent.