EUNICE M. TIFFANEY *vs.* HATHAWAY, SOULE AND HARRINGTON.

Bristol.   November 17, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence,* Contributory, Employer's liability.

In a shoe factory, where dress guards to prevent the skirts of women operatives from coming in contact with a revolving shaft have been provided for all the machines, if an experienced woman operative voluntarily selects a machine to work on, which at the time has no such guard in use, she is not in the exercise of due care, and cannot recover for an injury caused from her skirts being caught by the shaft.

TORT by a woman fifty-four years old for injuries caused by her skirts being caught on a bolt in a coupling of a revolving shaft in the shoe factory of the defendant in which she was employed. Writ dated March 16, 1901.

In the Superior Court *Fessenden,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*L. E. White,* for the plaintiff.

*O. Prescott, Jr.,* for the defendant.

BARKER, J. Through the whole period during which the plaintiff had worked on the machine which she operated on the day of the accident, the place with all the appliances and arrangements had been in the same condition in which it was when she was hurt. That period was six months, and for six or seven years before that she had worked within a few feet of the same spot. She was of mature age, and for fifteen years had been employed in similar work. She had herself selected the place because at that particular machine, of a row of fifteen or more, the cut made for the convenience of the operator in the bench which ran along the side of the room, was square in shape and went further into the bench than the cuts at the other machines. Under the bench, parallel with the wall and three or four inches nearer to it than the rear edge of the square opening, and three or four inches above the floor, was a line of shafting; and upon this line, at the right hand side of the opening, a coupling larger in diameter than the shaft. As she knew, dress guards, to prevent the skirts of the female operatives from coming in contact with the shafting, had been provided for all the machines, but were not in use at this place when she chose it, or while she worked there. Having occasion to place upon the bench some materials for use in her work, she walked into the opening, her skirts were caught by the shaft, and she was hurt. The coupling was fastened by means of bolts, the ends of which were countersunk in the coupling, and held in place by nuts from the top of which the screw-ends of the bolts projected, and the outermost part of the thread upon the bolts projected one thirty-second of an inch beyond the outer surface of the coupling. There was evidence tending to show that the plaintiff's dress was caught by the thread of the nuts, and that she was drawn under the shafting.

The tendency of a revolving shaft to catch and wind around itself clothing with which it comes in contact is obvious, and is well known. The plaintiff's work constantly exposed her to this danger. The only incident of it of which she contends she was ignorant is that the threads of the bolts projected beyond the surface of the nuts. We think that a woman who voluntarily chooses to work as here in a place where her skirts may come in contact with revolving shafting is not in the exercise of ordinary care.

*Exceptions overruled.*