EDWARD LENNON *vs.* PAUL N. GOODRICH & another.

Suffolk.    January 8, 1906. — June 20, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Negligence*, Employer's liability.

It is not the duty of an employer, who sets a boy seventeen years of age at work to clean and polish a circular bicycle chain on a revolving brush attached to a simple machine, with which the boy is familiar although he does not know the number of revolutions of the brush per minute, to warn or instruct him of the danger that the chain being flexible may get caught in the brush and be wound around the brush and shaft.

A workman employed to clean and polish articles by means of a revolving brush attached to a simple machine assumes the obvious risk of an accident caused by a flexible object, such as a circular bicycle chain which he is cleaning, getting caught in the brush and wound around the brush and shaft.

MORTON, J.  This is an action of tort to recover damages for personal injuries sustained by the plaintiff while in the defendants' employ and engaged in cleaning a bicycle chain on a brushing machine.  The chain got caught in the brush and was wound around the revolving shaft carrying the plaintiff's hand with it.  There was a verdict for the plaintiff and the case is here on report.  If the ruling which the defendants requested, that the judge should direct a verdict for the defendants and which the judge refused, should have been given, then judgment is to be entered for the defendants.  If this request was rightly refused but there was other error prejudicial to the defendants, then a new trial is to be granted.  Otherwise judgment is to be entered on the verdict.

We think that the ruling was wrong and that there should be judgment for the defendants.  The plaintiff was a boy of seventeen and upwards at the time of the accident and for aught that appears was of average intelligence.  He had worked on the machine several months, and before that had been employed, with an interval between the two employments, in the same room, sweeping floors, doing chores and setting up emery wheels.  The only ground on which he bases his right to recover is that the defendants or their foreman was negligent in not warning

or instructing him as to the danger of the work that he was doing when injured. What he was engaged in doing was as already observed cleaning a bicycle chain. He had cleaned or polished such chains before. The only difference between those and the one he was cleaning at the time of the accident was that the ends of those were loose and that the ends of this were joined together, making a circular chain, and rendering it, as he contended, more liable to catch on the brush and cause injury to the workman. The machine itself was as simple as it well could be in construction. It consisted of "a large iron base coming up from the floor" with two arms through which a shaft ran, on one end of which was a pulley and on the other end of which was the brush. The plaintiff knew that the brush revolved very rapidly though not how rapidly, and had cleaned and polished a great variety of articles upon it during the time that he had been at work upon it. It is apparent from his testimony that for all practical purposes he had become entirely familiar with the machine, even though he did not know the precise number of revolutions which the brush made per minute. Whether he received any instruction or not when first set to work on the machine was in dispute. But from the experience which he had had, we think that the defendants were justified in assuming that he needed no further instruction when the circular bicycle chain was given him to clean and polish, and were not negligent in failing to warn or instruct him. The risk that the chain, being flexible, might get caught and wound round the brush and shaft was, we think, an obvious one which he must be held to have assumed. It is common knowledge that clothing or any other flexible article or material on coming in contact with a revolving pulley or shaft is liable to get caught and wound around it. We see no evidence of negligence on the part of the defendants or their superintendent or foreman. See *Tiffaney* v. *Hathaway*, 182 Mass. 431; *Smith* v. *Beaudry*, 175 Mass. 286; *Robinska* v. *Lyman Mills*, 174 Mass. 432; *Kenney* v. *Hingham Cordage Co.* 168 Mass. 278; *Stuart* v. *West End Street Railway*, 163 Mass. 391; *Pratt* v. *Prouty*, 153 Mass. 333; *Coullard* v. *Tecumseh Mills*, 151 Mass. 85; *Ciriack* v. *Merchants' Woollen Co.* 146 Mass. 182. It is not contended that there was any defect in the machine and the plaintiff's case is not put on that ground. The conclu-

sion to which we have come on the main question renders it unnecessary to consider the questions of evidence.

*Judgment for the defendants.*

*R. Spring,* (*H. H. Atwood* with him,) for the defendants.
*T. H. Dowd,* for the plaintiff.