JOHN McLAUGHLIN, PLAINTIFF IN ERROR, v. CAMDEN IRON WORKS, DEFENDANT IN ERROR.

A laborer was called, from his special work, and, with others, directed by their foreman to raise by hand a large frame. Through lack of bracing or fastening, the frame fell and injured him.  *Held*—

1. That he could not establish a right of recovery against his employer by proving that it is usual to have work of that sort done by a rigger with a derrick and appliances.

2. That the foreman was a fellow-servant with the laborers in the same common employment, and that his negligent use of or failure to use proper appliances provided by the master did not entail liability on the master.

On error to Camden Circuit.

For the plaintiff in error, *George M. Bacon* and *John W. Wescott.*

For the defendant in error, *David J. Pancoast.*

The opinion of the court was delivered by

COLLINS, J.   The plaintiff sought recovery for personal injuries alleged to be due to the defendant's negligence.   The declaration averred that, while in the employment of the defendant as a riveter, the plaintiff was ordered by the defendant to leave his employment and assist in raising a large frame of great weight, and that by reason of the defendant's careless omission to supply and use, in raising the frame, the means necessary to raise the same and hold it in place while being raised, it fell and injured the plaintiff.

At the trial the plaintiff was nonsuited at the close of his case, on the ground that his injury was the result of the negligence of a fellow-servant in the same common employment. Upon the consequent judgment the writ in this case was brought and the nonsuit is assigned for error.

The proof was as follows: The defendant (a corporation) was engaged in building a large iron gas-holder.   Its roof

was to be supported by a wooden structure formed by four timbered frames. One of these lay flat on the ground, and about twenty-five men of the general laboring force were called by the foreman to raise it by hand. The plaintiff, whose ordinary work was riveting, was one of the number. A block and fall were used, not for additional power, but as a guy and to hold the weight of the frame as it rose. The frame was not braced or fastened, and one end of it slewed around, the rope slackened and the frame fell, striking and badly injuring the plaintiff. Afterwards the frame was raised by a rigger, using a derrick and appliances. On the subject forming the gravamen of the plaintiff's complaint, the only testimony was that of two witnesses, one a laborer named Corbett, who said that raising the frame was a rigger's work, and the other a carpenter named Tice, who said that he supposed "it would take a rigger to handle that sort of a frame;" and again, that he believed "it was generally a rigger's work to handle a frame of that weight and size." When asked his opinion of the method of raising in use at the time of the accident, he said that he did not think such a method safe, but on cross-examination he said that with both ends of the frame securely fastened, the men could have raised it in that way. A witness named Barker, who ran a hoisting engine at the works and saw the accident, was called to testify that he warned the foreman that he was doing an unsafe thing. On cross-examination he said that the danger apparent to him could have been removed by bracing or fastening the end of the frame that afterwards slid. He said that all that was needed was a rope and a stake. Another witness, named Davis, testified, on the plaintiff's own call, that the frame slewed around because it had no fastening at the bottom.

Of course, the defendant was not obliged to hire a rigger or use a derrick. The plaintiff knew that the frame was being raised by hand, under the direction of the foreman, and he assumed such resultant risk of that method of doing the work as was obvious to him. There was on the ground an abundance of ropes, pulleys and timbers, and there was a

hoisting engine there. Where appliances for work are needed, the duty is on the master to use reasonable care in their selection, and he cannot escape it by delegation; but carelessness in their use or failure to use them, on the part of his servant, whereby injury is received by a fellow-servant in the same common employment, is not chargeable to the master, no matter what may be the grade or authority of the servant. *O'Brien* v. *American Dredging Co.*, 24 *Vroom* 291; *Gilmore* v. *Oxford Iron Co.*, 26 *Id.* 39; *Steamship Company* v. *Ingebregsten*, 28 *Id.* 400; *Maher* v. *Thropp*, 30 *Id.* 186.

The nonsuit, therefore, was proper unless legal evidence was excluded or illegal evidence was considered. Error is assigned upon bills of exceptions taken on both of these grounds. They remain to be considered. A witness was asked on cross-examination: "What caused the accident?" and replied: "Well, I suppose if there had been a man there that knowed his business it wouldn't have occurred—if there had been a rigger there." The court, on defendant's motion, struck out the answer as not responsive. After being instructed by the court to state only what took place, the witness persisted thus: "Well, that is all I know that caused it; Mr. Flanagan [the foreman] didn't know his business when he rigged that thing up, or the carpenters, or whoever did it." This answer, also, was struck out. The testimony may have been responsive; it certainly was not material. I find no error here. Counsel for the plaintiff then asked the witness this question: "If there had been a rigger there to raise this frame would this accident have happened?" The court properly overruled the question; it was irrelevant. Failing to secure an answer, counsel moved to strike out, because elicited from non-experts, the testimony above stated, to the effect that if the frame had been braced or fastened the accident would not have happened. The court rightly denied the motion. The testimony was given without objection, and, moreover, was directed to a fact within the range of ordinary observation. Perhaps in form it was objectionable, but in substance it was only a statement

that the frame could not have slewed around if both ends had been braced or fastened, a fact almost self-evident.

No other question is raised by any bill of exceptions or assignment of error.

I shall vote to affirm this judgment.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, VAN SYCKEL, BOGERT, HENDRICKSON, NIXON.    11.

*For reversal*—LIPPINCOTT, LUDLOW, ADAMS.    3.