JOHN DE YOUNG, PLAINTIFF AND APPELLEE, v. FEDERAL MATCH COMPANY, DEFENDANT AND APPELLANT.

Argued November 11, 1907—Decided February 24, 1908.

The duty to so operate a match machine that paraffine will not escape therefrom and render the floor slippery, and to clean the floor of such paraffine as may have escaped after operation, is not one of the absolute personal duties of the master which he cannot delegate so as to avoid responsibility for its negligent performance. When so delegated, it is a duty of operation or incidental thereto—a duty of the servant—for the negligent performance of which, unknown to the master, a fellow-servant cannot recover.

---

On appeal from the District Court of the city of Passaic.

Before Justices SWAYZE and TRENCHARD.

For the appellant, *Collins & Corbin.*

For the appellee, *Frank Smit.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought to recover for personal injuries sustained by the plaintiff while in the employ of the defendant company as a pipefitter in its factory in Passaic.

The charge of negligence was that the defendant failed to exercise reasonable care to provide the plaintiff a safe place to work, in that it permitted the floor of the factory to become slippery and failed to properly clean the same, so that while plaintiff was in the act of climbing a ladder in order to make certain repairs to a "sprinkler," the ladder slipped and threw and injured the plaintiff.

The testimony tended to show that the plaintiff had worked at the factory of the defendant for five years as a pipefitter; that on the day of the accident he started home, and, after going some distance, was called back by the foreman for the purpose of shutting off the water which was running from a "sprinkler" that had burst; that plaintiff shut off the water and then went inside the building for the purpose of fixing the safety plug located in a pipe some distance above the floor; that he took with him into the building a sixteen-foot ladder and placed it against a certain machine used for the manufacture of matches, and then started up the ladder, and when about half way up it slipped and he fell; that the place where he rested the ladder was covered with water and was near the machine where paraffine, a slippery substance, was used and had·been allowed to accumulate on the floor.

Upon this proof, together with other to which reference will presently be made, the defendant, at ·the close of the plaintiff's testimony, moved for a nonsuit, upon the ground, among others, that the negligence, if any, was that of a fellow-servant for which the defendant was not responsible. The learned trial judge, erroneously, as we think, denied the motion, and a verdict was rendered for the plaintiff. From the judgment entered thereon defendant appeals.

It is undoubtedly the duty of the master to use reasonable care to employ fit and careful co-workmen to assist in the common service. It is his duty to use reasonable care to fur-

nish a safe place in which the servant may render his service, and to use reasonable care and diligence to keep the place in a safe condition.    These are absolute personal duties of the master and cannot be so delegated as to relieve him from liability for their negligent performance.    The difficulty is with their application to the case in hand.    While the delegation to others will not relieve the master from the consequences of negligence in the performance of what the law makes the master's duty, it will not charge upon the master the consequences of the negligence of his servants towards each other. The test must always be whether the negligent act or omission was in the discharge of the master's or the servant's duty. *Curley* v. *Hoff,* 33 *Vroom* 758.

It appeared to be undisputed that the paraffine which, alone, according to plaintiff's theory, rendered the floor slippery, and thereby caused plaintiff's fall, was there because of the negligence of the man who operated the match machine in allowing it to escape from the machine and remain upon the floor.    Herbert Hennan, a witness produced by the plaintiff, testified as follows:

"*Q.* What is this machine that the ladder was resting against?

"*A.* A match machine.

"*Q.* What do you use paraffine there for?

"*A.* To keep the splints in.

"*Q.* In using that, doesn't the paraffine necessarily get on the floor more or less?

"*A.* He (the machinist) may drop the paraffine on the floor or it may run over.

"*Q.* It happens all the time?

"*A.* It doesn't happen all the time; he is not supposed to let it run over; sometimes if he neglects it, it may run over."

John Sullivan, a witness also produced on the part of the plaintiff, testified as follows:

"*Q.* Paraffine often gets on that floor there?

"*A.* Well, when that fellow don't wash it.

"*Q.* It isn't an uncommon thing to have paraffine run on the floor?

"*A.* He has got to watch it.

"*Q.* Whose business is it to clean it up?

"*A.* Adam Saboloski.

"*Q.* He is the man who attends the match machine?

"*A.* Yes, sir."

From other testimony it appeared that it was the duty of the machinist to clean the floor of paraffine "on the same day, after he gets through working."

On the day of the accident work on the machine was finished at twelve-thirty P. M. The accident happened at three-thirty P. M.

Since it appeared clearly that the presence of paraffine on the floor was the result of the negligence of the machinist, a fellow-servant of the plaintiff, this question is presented: Was the duty to so operate the machine that paraffine should not escape and to clean the floor after operation an absolute personal duty of the master which he could not delegate so as to avoid liability for its negligent performance? We think not.

As pointed out by Justice Sanborn, in *St. Louis, I. M. & S. R. Co.* v. *Needham,* 63 *Fed. Rep.* 107, the line of demarkation here between the absolute duty of the master and the duty of the servants is the line that separates the work of construction, preparation and preservation from the work of operation. Is the act in question work required to construct, to prepare or to keep in repair a safe place in which to do the work? If so, it is the master's personal duty to exercise ordinary care to perform it. Is the act in question required to prevent the safe place furnished from becoming dangerous through the negligent operation of the machinery placed therein? If so, it is the duty of the servants to perform that act, and they, and not the master, assume the risk of negligence in its performance.

It was the duty of the match company to use reasonable care to furnish its employes with a safe place in which to perform their service, and to use reasonable care to keep it in proper repair, and to use reasonable care to employ competent servants to carry on the work, but, when this duty was performed, the duty rests upon the servants to perform their

service carefully. In the present case it is not contended that the defendant company failed to furnish a safe place, or that it failed to keep the place in proper repair. The floor upon which the ladder slipped was a good cement floor in good repair. Nor is it contended that the man who operated the machine at which the paraffine escaped was not selected with reasonable care. Before this servant began work on the day of the accident the floor was safe. It was his duty to so operate the machine that paraffine would not escape to the floor, and, if it did escape, it was his duty to remove it from the floor. His negligence in failing to perform one or both of these duties was not in the construction, preparation or repair of the factory, but in an operation there conducted. The factory was safe before he made it unsafe by his negligence, and he was discharging none of the personal duties of the master, but one of the duties of the servant, when he became guilty of the negligence. Any other holding would violate the now settled rule of liability for the negligence of fellow-servants. The duty of the servant to prevent the escape of paraffine and to remove it when escaped was incidental to the use of the machine, and cannot properly be said to have been a duty to provide a safe place for work, a duty of the master. To hold otherwise would make it the absolute duty of the master to so operate all the machines that every place in the factory should be at all times safe, and no negligence of an operator could ever cause an injury for which the master might not be held liable. At the instant of the injury every place in which an injury is inflicted is unsafe. The test of liability is not the safety of the place at the instant of injury, but the character of the duty, the negligent performance of which caused the injury. *Sofield* v. *Guggenheimer Smelling Co.*, 35 *Vroom* 605; *Knutter* v. *New York and New Jersey Telephone Co.*, 38 *Id.* 646.

In our opinion the duty to so operate the machine that paraffine will not escape therefrom and render the floor slippery and to clean the floor after operation of such paraffine as may have escaped is not one of the absolute personal duties of the master which he cannot delegate so as to avoid respon-

sibility for its negligent performance. When so delegated, it is a duty of operation or incidental thereto—a duty of the servant—for the negligent performance of which, unknown to the master, a fellow-servant cannot recover. And so are the authorities. *McLaughlin* v. *Camden Iron Works,* 31 *Vroom* 557; *Maher* v. *Thropp,* 30 *Id.* 186; *Collyer* v. *Pennsylvania Railroad Co.,* 20 *Id.* 59; *McKinnon* v. *Norcross,* 148 *Mass.* 533; *Baird* v. *Reilly,* 92 *Fed. Rep.* 884; *O'Connell* v. *Clark,* 22 *App. Div.* 466; 48 *N. Y. Supp.* 74.

In *Murphy* v. *American Rubber Co.,* 159 *Mass.* 266, an action to recover for injury caused by a slippery floor, it was held that if the floor was not in its normal condition, with respect to being slippery or otherwise, and the slipperiness was caused by the neglect of the men employed to look after certain pipes connected with the machinery, that that was the fault of a fellow-servant, and the plaintiff could not recover.

In *Venbuvr* v. *Lafayette Worsted Mills,* 27 *R. I.* 89, plaintiff slipped and fell on a part of the floor on which oil had been spilled, thereby causing his hand to be caught in a fan. *Held,* that the spilling of the oil on the floor was the negligence of a fellow-servant for which the defendant could not be held liable, unless it had notice of the condition of the floor.

In *Burke* v. *National India Rubber Co.,* 21 *R. I.* 446, an employe was injured by falling upon a slippery floor, rendered so by grease left thereon by two other employes. It was held that the injury was caused by a fellow-servant, for whose carelessness the master was not liable. It was also held that the fact that the floor had been in a dangerous condition for three hours, by reason of the grease, is insufficient to charge the master with notice of the defect so as to render him liable for failure to furnish safe premises.

In the present case it is not contended that the defendant had notice that the machinist was negligent in the performance of his duty or that such duty remained unperformed for a time sufficient to charge the defendant with such notice.

The judgment below must be reversed and a *venire de novo* awarded.