SAMUEL LARAGY, DEFENDANT IN ERROR, v. EAST JERSEY PIPE COMPANY, PLAINTIFF IN ERROR.

Argued November 7, 1907—Decided February 24, 1908.

A frame to be used for the purpose of raising a heavy iron hammer was set up by direction of the master with sufficient guy ropes to make it safe. One of such ropes was subsequently removed from the frame without the order or knowledge of the master, so far as the evidence disclosed, but was left on the ground near the frame. The removal of the rope rendered the frame unsafe, and although it was not intended by the master to have it used without the rope being in place, a servant used it to raise the hammer and was injured by its fall. *Held*, that the risk of using the frame, without the additional guy rope, was an obvious one which the servant assumed, and the master having supplied the necessary materials to make the frame safe, was not liable to the servant for injuries arising from his neglect in not using them for the purpose for which they were furnished.

On error to Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiff in error, *Lindabury, Depue & Faulks.*

For the defendant in error, *Ward & McGinnis.*

The opinion of the court was delivered by

BERGEN, J.   At the close of the plaintiff's case it appeared that an "A frame" had been put up by the defendant, intended for use in raising and dropping an iron hammer, weighing nearly six hundred pounds. The frame was fastened by a single guy rope to a building about fifty feet distant, leaning away from the building about three feet at the apex. The hammer was between the feet of the frame, attached to a rope which passed through a tackle block fastened at the apex of the frame, the other end of the rope being in the hands of the plaintiff and other workmen who, by order of the gang boss in charge of what was being done, pulled the rope.  As soon as the weight of the hammer was felt, the frame was pulled over towards the building, and falling upon the plaintiff injured him.   There was a motion for nonsuit because the falling of the frame was the obvious consequence of what the plaintiff did, and he thereby assumed the risk of the natural result of his act.   It seems to us that it must have been perfectly obvious to an ordinarily prudent man that to pull against that frame, in the direction of a guy rope, which was its only support, with sufficient force to raise a weight of six hundred pounds would cause it to fall.   He not only saw the physical surroundings, but a moment's reflection would satisfy him that it was dangerous to change the situation, and that what he was about to do would be likely to make such change by withdrawing the only support the frame had.   It also appeared that the frame when put up was safe; that although one of the guy ropes had been removed, how does not appear, the master had supplied the necessary material, including guy ropes, to make the

frame safe in the first instance, and that it was not intended by the master to use the frame in the condition it was then in for the purpose of raising the hammer. To so use it after one guy rope had been removed, of which removal the plaintiff was aware, was an act of negligence. It was so used without any order or authority from the master, by direction of a fellow-servant, and the result of such negligent use is not chargeable to the master.

We think that under these conditions the judgment against the defendant cannot be supported if the rule laid down by the Court of Errors and Appeals in *McLaughlin* v. *Camden Iron Works,* 31 *Vroom* 557, be applied.

The danger of the frame falling, if the plaintiff acted as he did, was reasonably obvious to him, and in pulling the rope so as to remove the only support the frame had, the plaintiff contributed to the result of which he complains. In the Mc-Laughlin case it is said: "The plaintiff knew that the frame was being raised by hand, and he assumed such resultant risk of that method of doing the work as was obvious to him."

There is an additional reason why this judgment cannot be supported. The materials in the frame are not claimed to have been defective. The evidence shows that there was plenty of rope around, sufficient to properly guy the frame. The defendant performed its full duty when it furnished proper appliances required for the work. As was said in the McLaughlin case, the master's duty is completely performed where he furnishes suitable materials. Carelessness in this use, or failure to use them on the part of his employes, whereby injury is received by a fellow-servant in the same common employment, is not chargeable to the master, no matter what may be the grade or authority of the servant.

We think a nonsuit should have been granted, and as it was refused an error was committed which requires that the judgment below should be reversed, and it will be so ordered.