IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1908.

---

CHARLES CHRISTIANSEN v. W. H. & F. W. CANE COMPANY.

Argued June 10, 1907—Decided June 8, 1908.

A master who furnishes to his servants, for their use in his work, a movable derrick, and provides a sufficient quantity of rope to securely guy it when it is set up, is not responsible to a servant who is injured by the fall of the derrick after it has been set up and is being used by such servant and his fellows, if its fall. is due entirely to the failure of the foreman of the gang in which the injured servant is working to use a sufficient number of guy ropes to render it secure in its position.

———

On writ of error to the Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice REED.

For the plaintiff in error, *Frederick J. Faulks.*

For the defendant in error, *Richard J. Donovan* (of the New York bar).

231

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This is an action brought against an employer by one of his employes to recover damages received by the latter while engaged in his employer's work.  The ground of liability was averred to be the failure of the master to furnish safe appliances for the work, by reason whereof the injury complained of came to the plaintiff. At the trial the defendants moved for a nonsuit, at the close of the plaintiff's case, on the ground that the proofs disclosed no failure on their part in the performance of any duty which they owed to the plaintiff and that the negligence exhibited was that of a fellow-servant of the plaintiff.  The nonsuit was refused.  At the close of the case a motion to direct a verdict for defendants was made upon the same grounds and was likewise refused.  The jury then found for the plaintiff, and the writ of error brings up for review the judgment entered upon that verdict.

The following are the facts proved material to the determination of the question of the correctness of the rulings of the trial court on the motions for nonsuit and for direction of a verdict:   The defendants, a building corporation, were engaged in constructing a four-story factory building in the city of Hoboken.  A number of carpenters, among whom was the plaintiff, were engaged in the work, under the direction of a foreman named Smith.  Their work included the raising of the flooring to the different stories where it was needed, and in doing this they used a crowfoot derrick, which consisted of a triangular base supporting a mast.  The derrick was first used in the basement for raising the first floor beams into place.  As the work progressed the derrick was moved from place to place as this work required.  When it was completed the derrick was raised by the carpenters to the first floor and used for the purpose of lifting up to the second floor the flooring to be laid there.  When the second floor was completed the derrick was raised to it by the carpenters and used there in different places for the purpose of raising and placing the timbers for the third floor.  The plaintiff, who had been a carpenter for thirteen years, at the

time the accident happened, worked on the building for about six weeks before being hurt and during that time frequently assisted in using the derrick. When the derrick was used on the first and second floors it was sometimes supported by one guy rope, sometimes by two guy ropes and sometimes by three guy ropes, and this the plaintiff knew. The attaching of the guy rope, or ropes, when the derrick was moved to a new position was done by the carpenters under the direction of Smith, their foreman. When one guy rope was used it ran directly back from the top of the mast and was fastened at a point on the floor so as to counterbalance the weight to be lifted by the derrick; when two were used they ran diagonally from the top of the mast toward the rear and were each fastened to the floor so as to counterbalance the weight to be raised; when three of them were used one extended from the top of the mast directly to the rear while the other two extended from the top of the mast in opposite directions, parallel to the front piece of the triangular base. When the derrick was installed upon the third floor a single guy rope was used to stay it in position. At the time of the accident the plaintiff and other carpenters were using it to raise flooring planks, and as a load of these planks was being swung around the foot of the mast for the purpose of being deposited in the proper place the derrick toppled over and fell upon the plaintiff, crushing his hand so badly as to require its amputation. If three guy ropes— or perhaps two—had been used to stay the derrick in position it would not have fallen. Several of these crowfoot derricks were in use about the building and an ample supply of rope for properly guying them was provided by the defendants, about twenty thousand feet of one inch and one and one-half inch rope being in and about the building and available for that purpose.

The theory upon which the trial court submitted to the jury the question of the defendants' liability seems to have been that they not only owed to the plaintiff the duty of furnishing a derrick properly constructed, and of suitable material, with sufficient rope to properly guy it, but that they

were bound to set it up in the place in which it was to be used and safely secure it in position for use. This view of the extent of the master's duty was clearly erroneous. The derrick was not a permanent structure. It was intended to be, and was in fact, moved from place to place as the work being done upon the building required. The duty of moving it and of adjusting and securing it in position was one of the duties of the carpenters' gang, of which the plaintiff was a member, connected with and a part of the work in which he was engaged. The fact that the defendants' foreman had charge of the moving of the derrick and that he was responsible for the use of a single guy rope, on the occasion of the accident (assuming that to be the fact), does not operate to shift the responsibility for that accident upon the shoulders of the master. Under all our decisions the foreman was, in the work of installing the derrick, not the *alter ego* of the defendants, but the fellow-servant of the plaintiff. Under such conditions of use the responsibility of the defendants ceased when they provided a derrick in proper condition to be set up for use and furnished proper and sufficient appliances for the purposes of giving it stability in use. The present case, so far as the legal principles involved are concerned, is identical with that of *McLaughlin* v. *Camden Iron Works,* 31 *Vroom* 557. In that case the plaintiff was ordered by the defendant company's foreman to assist in raising by hand a heavy wooden frame, which was to be used in supporting a large iron gas holder. While the frame was being thus raised it slewed around and fell upon the plaintiff, severely injuring him. There was upon the premises at the time an abundance of ropes, pulleys, timbers and other appliances suitable for the safe raising of the frame, but the foreman did not see fit to use them. Collins, J., speaking for the Court of Errors and Appeals, thus declares the measure of the master's responsibility: "Where appliances for work are needed the duty is on the master to use reasonable care in their selection, and he cannot escape it by delegation; but carelessness in their use or failure to use them on the part of his servant, whereby injury is received by a fellow-servant in the

same common employment, is not chargeable to the master, no matter what may be the grade or authority of the servant."

The accident to the plaintiff in the present case not having resulted from any failure of performance of duty on the part of the defendants, it was improper to submit the question of their liability to the jury. There was error both in the refusal to nonsuit and in the refusal to direct a verdict for the defendants.

The judgment under review will be reversed.