WALTER T. WHIPPEN *vs.* EDWARD A. STONE & another.
WILLIAM A. WHIPPEN *vs.* SAME.

Suffolk.    December 6, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability, Voluntarily incurring danger.

In an action by a boy against his employer for personal injuries from having his hand crushed between the moving platen and the die of a power press used for cutting out cardboard for boxes, which he was operating, it appeared that the plaintiff had had an experience of nearly four years in the use of such a machine, that it was his duty to feed in the sheets of cardboard, taking out the completed form as the platen moved back from the die and placing a fresh sheet in position, that this was done once every three seconds, that the machine could be stopped

whenever the operator wished by shifting a belt and applying a brake, that on the occasion of the accident a piece of cardboard had got into a place in the machine where it ought not to be, when the plaintiff, without attempting to stop the machine either wholly or partially, which he said in his testimony could have been done easily, attempted to remove the piece of cardboard while the machine was running at full speed, saying in his testimony that there was no need of stopping the machine. *Held*, that the plaintiff could not recover, as his injury was the result of his exposing himself unnecessarily to an obvious danger, and that the fact, that he thought there was time to make the experiment safely, or possibly to repeat what he had done before without harm, did not relieve him from the consequences of voluntarily incurring the obvious peril.

Two ACTIONS OF TORT, the first by a minor against his employers for personal injuries incurred in the manner described in the opinion, and the second by the father of the plaintiff in the first case for loss of his services and for the expenses of medical attendance and nursing caused by his injuries. Writs dated December 14, 1901.

In the Superior Court the cases were tried together before *White*, J., who at the close of the plaintiffs' evidence ordered a verdict for the defendants in each of the cases. The plaintiffs alleged exceptions.

*H. H. Bond*, for the plaintiffs.

*R. Spring*, for the defendants.

BRALEY, J. The infant plaintiff when at work upon a power press creasing and cutting out cardboard for boxes was so severely injured that amputation of his right hand became necessary. But while the misfortune is deplorable, if his conduct contributed to the injury, the defendant is not responsible. In operating the press the cardboard was set upon a platen, which once in three seconds received, carried and pressed the sheet against a rigid die faced with brass rules and steel knives, where it was creased and cut into the required shape. Between revolutions, it was the plaintiff's duty to feed in the sheets by taking out the completed form, and as the platen moved back from the die, then to place a fresh sheet in position. If the operator desired to stop the press, he could shift the driving belt to a loose pulley, and then apply a brake underneath the fly wheel, worked by a treadle, which upon being pressed down, not only by friction upon the wheel brought the machine to a rest, but prevented the platen, although approaching very closely, from reaching the die. During its operation, a sheet having

partially stuck on the die, he pushed it off the platen with the lever. It then turned half over, and adhered to one of the gauges, when the plaintiff reached down with his arm between the die and the moving platen, where he suffered the injury of which he complains. It appears from his testimony, that he not only was acquainted with the speed, equipment and mechanical operation of the press, but was familiar with the running of similar presses, gained by an experience in their use of nearly four years. Instead of either wholly or partially stopping the press by shifting the belt and applying the brake, which he said could have been easily done, and then taking off the cardboard, he chose to attempt its removal while it was running at full speed. It is plain that the plaintiff deemed it unnecessary to take this precaution, for he testified " there was no need of doing this," and voluntarily chose to use the method described. The danger that his hand might come in contact with the platen, and be forced against the die, was as open and apparent as the meeting of the two, when cardboard was being used. That he thought there was time to make the experiment safely, or possibly to repeat what he had done before without harm, does not relieve him from the consequences of his failure to avoid the obvious peril of his arm and hand coming into contact with the working machinery. *Crowley* v. *Pacific Mills*, 148 Mass. 228. If upon realizing the danger, he not only threw the shipper, but tried the brake, which he contends failed to work properly or it would have stopped the press in time to have prevented the accident, his own carelessness renders it unnecessary to consider whether there was evidence of the defendant's negligence. *Pratt* v. *Prouty*, 153 Mass. 333.

*Exceptions overruled.*