HORN, by guardian *ad litem*, Appellant, vs. LA CROSSE BOX COMPANY and another, Respondents. ,

*March 23—April 9, 1907.*

*Appeal: Questions decided on former appeal: Master and servant: Injury to servant: Contributory negligence: Court and jury: Assumption of risk: Instructions to jury: Special verdict: Consistency of answers.*

1. The decision of a question on appeal is conclusive of the same matter when again presented in the same case upon the same or substantially the same evidence.
2. A decision on a former appeal that plaintiff, against whom a verdict had been directed on the ground that the evidence showed his contributory negligence as matter of law, was entitled to have that question submitted to the jury, is *held* to be conclusive of defendant's right to have that question so submitted on a second trial upon substantially the same evidence.
3. Plaintiff, a boy fifteen years old, substantially a man grown, and intelligent for his years, was injured by the revolving knives of a planing machine in defendants' mill while attempting to clean out a hopper under the knives. *Held*, that the jury were properly instructed that if plaintiff knew that there was a rapidly revolving knife or knives at the edge of the hopper and that his hand was liable to come in contact therewith in attempting to take hold of the hopper, he must be held to have appreciated the danger and assumed the risk in attempting to do the work, although by express direction of the defendants; that the true test as to whether a minor has assumed the ordinary risks of his employment or is guilty of contributory negligence is not whether he in fact knew and comprehended the danger, but whether, under the circumstances, he ought to have known and comprehended such danger; and that defendants had a right to assume that the plaintiff was a person of ordinary common sense for one of his years and that he would exercise such care to avoid dangers which were visible and which he knew, or ought to have known, existed as might be reasonably expected of one of his years and capacity.
4. Such instructions, being given with reference to a question submitted for special verdict covering the matter of plaintiff's contributory negligence or assumption of the risk, were not objectionable as informing the jury of the effect of their answer to the question.

5. A finding that plaintiff was guilty of contributory negligence was not inconsistent with a finding that when he attempted to clean out the hopper he did not know of the revolving knives which were liable to come in contact with his hand. Taken together, such findings indicate that the jury decided that, under the circumstances, plaintiff ought to have known and comprehended the danger.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Action to recover for a personal injury.

Plaintiff, a boy of fifteen years of age, in the employ of the defendants, engaged in cleaning out a hopper that was choked with sawdust and chips, located under the revolving knives of a planer, lost one of his hands by its coming in contact with such knives. There was evidence tending to show the following: Plaintiff was substantially man-grown, weighing 150 pounds, and quite intelligent for one of his years, but he had very little experience with machinery, particularly with planing machinery. He was set to work at a planing machine without having been instructed as to the perils incident to the work. He worked, prior to the time he was injured, in defendants' factory for about twenty-three days. A portion of the time each day he was employed at the planer taking away lumber.

One of the principal issues litigated was with reference to whether the plaintiff was guilty of contributory negligence. On a former trial of the action a verdict was directed in favor of the defendants upon the ground that the evidence showed contributory negligence on plaintiff's part as a matter of law. Upon appeal from the judgment it was reversed, the court holding that whether plaintiff was so guilty or not was a jury question, and that the trial court should have submitted the cause accordingly. The plaintiff testified that he did not know of the revolving knives, or of the interior mechanism of the machine, or that when the rolls stopped the knives would continue for some time to revolve. There was evidence to this

effect: Plaintiff had not on any previous occasion cleaned out
the hopper.   He was directed to do the work on the occasion
in question without any warning of the peril of undertaking
the task before the knives stopped revolving.   They revolved
within a little over an inch of the edge of the hopper, and
when it was necessary to clean out the hopper the course
ordinarily pursued was to stop the machine, waiting till the
knives ceased revolving before undertaking to remove the con-
tents of the hopper.   The act acquired to stop the machine
was to release the tightener resting on the driving belt.   That
would cause the feed rolls to stop at once, but the knives would
continue to revolve for some little time.   On the occasion in
question plaintiff upon being directed to clean out the hopper
released the tightener on the driving belt, thereby stopping the
feed rolls and the further communication of motive power to
the knives, but without waiting for them to stop revolving by
their own momentum he lifted the table of the planer, got
down under it and attempted to take hold of the edge of the
hopper, when his hand was caught by the knives.   The planer
was of the ordinary kind.   It was equipped with a hood over
the knives and one under them with connections to carry away
the shavings.   The plaintiff had seen the hopper cleaned out
on several occasions, though he had not theretofore done it
himself.   He had observed a buzzing sound when the machine
was in operation planing lumber.   He had observed that the
boards were put into the machine on one side in the rough and
came out on the other planed, and knew that something, dur-
ing their passage through the machine, took off the shavings.
He had seen knives which he understood belonged to the
planer.   He knew that some sharp instrument in the inside of
the planer took off shavings from the boards as before indi-
cated.   He had often seen the platform of the planer raised
up and the under hopper cleaned out.   The knives on the ma-
chine were frequently filed and changed, at which time they
were exposed to view and plaintiff was often where he could

readily have seen them. A person stationed as he was in tak-
ing away lumber from the planer could have seen the knives
revolve for some little time after the tightener on the driving
belt was removed so as to stop the machine. The evidence as a
whole, as counsel for appellant conceded on the argument, was
quite as strong in defendants' favor on the subject of contribu-
tory negligence as on the former trial. There was a special
verdict rendered, the jury finding all of the issues in favor of
the plaintiff, except that in respect to whether he was guilty
of contributory negligence. On that in answer to the second
question in the verdict the jury decided that at the time
plaintiff attempted to clean out the hopper he did not know
of the revolving knives, which were liable to come in contact
with his hand if he attempted to take hold of the edge of the
hopper before they stopped revolving, and in answer to the
fifth question in the verdict the jury decided that the plaint-
iff was wanting in ordinary care which contributed to pro-
duce his injury. Before the jury were discharged they were
polled as to their answer to the fifth question.

There was a motion to change the answer to the fifth ques-
tion to one in favor of the plaintiff and for judgment on the
verdict as corrected in his favor, which was denied. Judg-
ment was then rendered in the defendants' favor.

For the appellant there was a brief by *Morris & Hartwell,*
attorneys, and *Higbee & Higbee,* of counsel, and oral argu-
ment by *E. C. Higbee.*

*George H. Gordon,* for the respondents.

MARSHALL, J. The foregoing brief statement of the case,
especially in connection with the statement on the former ap-
peal (123 Wis. 399, 101 N. W. 935), sufficiently, it is
thought, for the purposes of the questions to be decided, shows
the situation to which the governing legal principles apply.
As indicated, it is conceded by appellant that the evidence
bearing on the subject of contributory negligence of the plaint-

iff is as favorable .to the respondents now as on the former
occasion, while counsel for the latter claim that it is more
favorable. It is sufficient to preclude legitimate rediscussion
of the matter that as strong ground exists in the evidence for
holding that the issue in respect to contributory negligence
was for the jury, on the last trial, as on the one that was pre-
viously here reviewed, when it was held that the court should
have submitted such issue to the jury instead of directing a
verdict in favor of the defendants. Since appellant's counsel
make no stronger claim than that the records in respect to the
subject under discussion are substantially the same, the for-
mer decision must be regarded as *res adjudicata* of the ques-
tion now. The previous holding that on the evidence plaintiff
was entitled to have the matter submitted to the jury ob-
viously included the right of defendants to have it so submit-
ted. The rule is that the decision of a question on appeal is
*res adjudicata* of the same matter when again presented in the
same case upon the same or substantially the same evidence.

In *Klatt v. N. C. Foster L. Co.* 97 Wis. 641, 73 N. W.
563, speaking on the subject above discussed where the ques-
tion as to contributory negligence upon the first appeal was
only there inferentially passed upon, it was said:

"On a former appeal in this case a judgment in plaintiff's
favor was reversed and the cause remanded for a new trial.
. . . The evidence was the same, substantially, then as now.
The question of whether the evidence on such former appeal
showed conclusively contributory negligence of plaintiff was
raised but not decided in the opinion, though it is considered
that the decision was, in effect, that the evidence was sufficient
to carry the case to the jury on all the issuable facts as to
plaintiff's cause of action. It follows that, the evidence being
the same on this appeal, the question of whether there was
sufficient evidence to warrant the submission of the case to
the jury must be considered foreclosed by the former deci-
sion."

To the same effect are *Crouse v. C. & N. W. R. Co.* 104
Wis. 473, 480, 80 N. W. 752; *Darcey v. Farmers' L. Co.* 98

Wis. 573, 74 N. W. 337; *Collins v. Janesville,* 111 Wis. 348, 87 N. W. 241, 1087; *Zimmer v. Fox River Valley E. R. Co.* 123 Wis. 643, 645, 101 N. W. 1099.

From the foregoing it will be readily seen that the proposition as to whether the court erred in not changing the answer of the jury to the fifth question so as to find the appellant free from contributory negligence must be determined in respondents' favor, because, if for no other reason, of the decision of the court on the former appeal.

The court instructed the jury in respect to the fifth question, as follows:

"If the plaintiff knew that there was a rapidly revolving knife or knives at the edge of the lower hopper, that his hand was liable to come in contact therewith in attempting to take hold of the hopper, he must be held to have appreciated the danger and assumed the risk in attempting to do the work, although by the express direction of the defendant."

"The true test as to whether a minor has assumed the ordinary risks of his employment, or is guilty of contributory negligence, is not whether he in fact knew and comprehended the danger, but whether, under the circumstances, he ought to have known and comprehended such danger."

"The defendant had a right to assume that the plaintiff was a person of ordinary common sense for one of his years and that he would exercise such care to avoid dangers which were visible and which he knew, or ought to have known, existed as might be reasonably expected of one of his years and capacity."

It is suggested that such instructions violated the rule that the court should not advise the jury as to the effect of their answers, relying on *Gutzman v. Clancy,* 114 Wis. 589, 90 N. W. 1081, and cases therein referred to. The rule invoked is so familiar that discussion as to its scope seems unnecessary. Counsel do not point out definitely wherein the instructions complained of violate such rule, and we are unable to discover the suggested difficulty. The instructions were not given generally in the case, but with reference to the particular ques-

tion to which they were supposed to apply. That question covered the phase of contributory negligence denominated "assumption of the risk" and negligence of the plaintiff as regards his personal safety inconsistent with that which, considering his age and intelligence, he ought to have known. Therefore, it was legitimate for the court to instruct the jury as to what constituted contributory negligence in those aspects of the case in order that they might answer the question intelligently. The instructions seem to have been given for that purpose and the first two at least to have been appropriate, and the last, if not so, not to have been prejudicially inappropriate.

It is insisted that the court erred in saying to the jury, in effect, that plaintiff assumed the risk as to that which he ought to have known and comprehended, even if it were a fact that he did not know and comprehend the danger. The instruction is in accordance with the settled law on the subject, as we understand it. The authorities cited by the learned counsel for the appellant, rightly understood, support rather than condemn that view. For support of the contrary this language from 20 Am. & Eng. Ency. of Law (2d ed.) 98, is called to our attention:

"Even where the danger is patent or open to observation, it is the duty of the master to warn and instruct in regard to it, if through inexperience, or from any other cause, the servant is incompetent to understand fully and appreciate the nature or extent of the danger."

Note the language, "if through inexperience, or from any other cause, the servant is incompetent to understand," etc. There was no evidence in this case that the plaintiff was not a person of ordinary intelligence and capacity for one of his years. On the contrary, the evidence tended to show that before the accident one would have supposed that he was rather above the average of boys of his age. As indicated in the statement, he was substantially man-grown, he weighed 150

pounds, and further, the evidence indicates that he was quite well advanced in an educational way.

The principles covered by the three instructions, as claimed by counsel for respondents, have been frequently declared by this court in substantially the same words as those used by the learned court. In *Roth v. S. E. Barrett Mfg. Co.* 96 Wis. 615, 71 N. W. 1034, it was held that a boy eighteen years of age, who had observed the operation of a straw cutter, the knives of which were hidden from view, needed no instruction when put to work at such a machine, that if he allowed his hand to be inserted into the place for feeding in the straw it would be liable to be cut. In *Groth v. Thomann,* 110 Wis. 488, 86 N. W. 178, it was held that a girl fifteen years of age set to work at an ironing device called a mangle, which required her to feed garments into revolving rolls, needed no instruction that if she allowed her fingers to be caught between the rolls she would be injured. It was there said, in effect, that the principle of law is too familiar to be reasonably forgotten by trial courts, that as between master and servant instructions need not be given of the perils of the employment where there is no need of instructions, and that a person of average intelligence of the age of fifteen years must be presumed to know that it is dangerous to allow the hand to be caught between revolving rolls.

The learned court doubtless had in mind in approving of the instructions, as the learned counsel for respondents probably did in draughting them, the following language of this court, which has been many times approved, found in *Helmke v. Thilmany,* 107 Wis. 216, 83 N. W. 360:

"This court has repeatedly held that the true test as to whether a minor has assumed the ordinary risks of his employment, or is guilty of contributory negligence, is not whether he in fact knew and comprehended the danger, but whether, under the circumstances, he ought to have known and comprehended such danger."

It will be seen that such language was adopted *verbatim* in the second instruction. The language of the third instruction, as suggested by respondents' counsel, was taken *verbatim* from the opinion of this court in *Schiefelbein v. Badger P. Co.* 101 Wis. 402, 77 N. W. 742. That has been so frequently approved as to be regarded as elementary law.

The further claim is made that the answer to the fifth question is inconsistent with the answer to the second, the latter finding plaintiff free from contributory negligence, and the former finding the contrary. What has been said sufficiently answers that. The second question was evidently given to cover the subject of whether plaintiff was guilty of contributory negligence, in that he knew, when he took hold of the hopper, of the revolving knives and that they would be liable to cut his hand, while the fifth was given with reference to the broader subject of whether he knew, or ought to have known, and comprehended the danger of there being revolving knives which would be liable to cut his hand if he undertook to take hold of the edge of the hopper as he did. The answers taken together indicate with reasonable certainty that the jury considerately decided that plaintiff did not in fact know of the peril he subjected himself to, but that considering his age and experience he failed to exercise that ordinary care, reasonably to be expected of one of his age, in not knowing of and comprehending such peril.

We are unable to discover any error in the record.

*By the Court.*—The judgment is affirmed.

Cassoday, C. J., took no part.