Kuich v. Milwaukee Bag Co. 139 Wis. 101.

Kuich, by guardian *ad litem,* Appellant, vs. Milwaukee Bag Company, Respondent.

*February 17—April 20, 1909.*

*Master and servant: Personal injuries: Negligence: Failure to warn: Machinery: Guards: Statutes.*

1. Evidence that a servant, injured while feeding bags into a printing machine, had performed like service for several months in a proper and competent manner without showing want of physical capacity or strength, and that nothing had occurred to apprise her superiors, nor did she inform them, that she was being physically overburdened or taxed to exhaustion, does not convict the master of failure to exercise ordinary care with respect to the servant in permitting her to work and in keeping her at work at the time of the injury.

2. A servant in feeding bags into a printing machine under such circumstances as to apprise her of danger if her fingers were caught by the nippers grasping and drawing the bags into the machine, and who had been engaged in similar work for several months and possessed the necessary intelligence and information to understand the danger incident to her work, is not so situated that her master is required to instruct or give warning as to the danger of injury in her employment.

3. Where a master has work by machinery performed in the usual manner and under ordinary conditions, and the practical operation of the machinery requires that the operator have an open and unobstructed field in front of rotating cylinders and other parts of the machine in order to properly perform the service required, and it is manifest that a guard or fence would not be a protection nor lessen the danger incident to the operation of the machine, no situation is presented charging the master with negligent omission to fence or guard the machine, even assuming, but not deciding, that the situation is controlled by sec. 1636*j*, Stats. (1898).

Appeal from a judgment of the circuit court for Milwaukee county: Orren T. Williams, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries alleged to be due to the negligence of the defendant. The defendant is a corporation engaged in the manufacture and

printing of bags. *Martha Kuich* was fourteen years and seven months old at the time she was injured. She was about four feet seven and one-half inches in height and weighed between eighty-five and ninety pounds. Her right eye had been removed when she was two years old and she had worn a glass eye in the socket since she was ten years of age. She had had about three and one-half years of schooling at a Polish parochial school.

In the process of printing the operator takes the bags, one at a time, from the pile which is placed upon an inclined feed board. The bag taken from the pile is placed against two guides, which rest on the feed board near its bottom edge. On the side of the feed board is a third guide against which the bag is placed by the same movement that places it against the other guides. This completes the feeder's work. The bag is then seized by a line of nippers working automatically, which grasp the bag so placed by the operator and draw it in between two large, heavy rollers. The process of printing is completed by the automatic operation of the machine. At the same time that the bags are grasped by the nippers, which are attached to the lower roller, the two guides at the bottom edge of the feed board are automatically raised to permit the bags to be carried between the rollers. The lower end of the guide at the side of the feed board, beyond which it is not necessary for the feeder's hand to go in the process of feeding, is about five and one-half inches from the nippers when they seize the bags. While the plaintiff was feeding bags into a printing machine her left hand was caught by the nippers and her hand and arm were drawn between the rollers. Two of her fingers were torn off, and the other two fingers were so crushed and bruised that it was subsequently necessary to remove them. Her hand and arm were also crushed and bruised.

Plaintiff had worked for the defendant for about five months at the time she was injured. During that time she

had gradually been given work requiring increased knowledge and skill. She had worked for varying lengths of time at machines which did similar work and which operated less rapidly than the one at which she worked when injured, which was the fifth machine at which she had worked. She had been working at this machine for three weeks before receiving her injuries. On the day of the injury the defendant desired to finish printing a large order for bags, and the machine at which the plaintiff worked was speeded up to a higher rate than that at which the plaintiff had theretofore worked. She had worked under this strain for about nine hours that day and was fatigued. She testified that she had refrained from responding to the calls of nature because of the pressure of the work, the fear of reprimand from the foreman, and because she might be the subject of ridicule for the boys who were working in the same room if they observed her leaving her work. The plaintiff also alleges that the defendant failed to warn her of the danger of having her hand caught in the nippers, and failed to provide a safe machine and to furnish a guard which would prevent the hands of the operator being caught by the nippers. None of the other alleged grounds of negligence are now insisted upon by the plaintiff.

There was evidence in the case that about ten minutes before the injury plaintiff was overfatigued, that her sight became momentarily clouded, and that she was somewhat dizzy. The evidence as to whether or not plaintiff had been instructed in the operation of the machine was in conflict. As to the alleged negligence of the officers of the defendant in allowing plaintiff, with knowledge of the fact that she had the use of but one eye, to do work which required the exercise of ability to judge distances, there was evidence that it was impossible to judge distances accurately with but one eye. There was also evidence that ability to judge distances under these conditions was a matter of practice and experience.

There was no evidence that the plaintiff had ever been warned of the particular danger which caused the injuries. In the operation of the machine the feed board is close to the rollers and the nippers. The rollers, nippers, and guides are in plain view. The operator could see all of these parts of the machine and observe their operation. There was some evidence that the guide at the side of the feed board was loose and that the platform upon which the feeder stood was worn smooth and slippery, but these conditions were not shown to have shared in producing the injuries.

At the conclusion of the evidence the court directed a verdict in favor of the defendant. This is an appeal from the judgment dismissing the complaint.

For the appellant there was a brief by *Glicksman & Gold,* and oral argument by *W. L. Gold.*

For the respondent there was a brief by *Sheridan & Mueller,* attorneys, and *A. J. Schmitz,* of counsel, and oral argument by *J. A. Sheridan.*

The following opinion was filed March 9, 1909:

SIEBECKER, J. It is claimed that the defendant negligently permitted and exacted labor from the plaintiff which she, in view of her tender years, was incapable of performing for want of sufficient physical strength and because of excessive fatigue. The facts disclose, as above stated, that plaintiff had been engaged in operating bag-printing machines and that her work consisted in feeding bags into the printing machines. She had performed this service for several months prior to the day of the accident, and so far as shown performed the service in a proper and competent manner. It appears that throughout this period she showed no want of physical capacity or strength to endure and perform the service. Nor did the fact that she had but one eye seem to affect her ability to properly perform the service. The plaintiff testifies that on the day in question she became extremely fatigued

toward the latter part of her working hours and that the sight of her eye became clouded at times. It is urged that this was due to the unreasonable exactions of the defendant in demanding that she perform an unreasonable amount of labor in view of her tender years, immature judgment, and want of bodily strength. On the day in question she was put at the task of feeding a larger number of bags into the printing machine in a certain number of hours than theretofore. The manner of doing the work on this day was in all respects the same as had been used in operating other machines, with the exception that this day's work required her to feed a larger number of bags per hour than she had ever handled theretofore. There is no evidence showing that the rapidity of operation was unreasonable for an ordinarily competent operator. So far as appears, plaintiff performed this service in the usual way during the day. Nothing occurred to apprise her superiors, nor did she inform them, that she was being physically overburdened or that her bodily strength was being exhausted so as to overtax her. The service she performed had been and was being rendered by minors, and the impropriety of engaging plaintiff to perform the service, as not within the compass and skill of minors of plaintiff's age, intelligence, and bodily strength, is not shown. From the facts and circumstances adduced it appears that the defendant exercised ordinary care with respect to plaintiff in permitting her to work and in keeping her at it at the time of the accident. There is no evidence tending to show that the defendant was negligent in this regard.

Another claim of liability is that defendant negligently omitted to instruct the plaintiff as to the proper way in which to perform her service and to warn her of the danger of having her hand caught in the nippers, and of the consequent liability of being injured by having her hand and arm drawn into the printing machine. This claim is made upon the ground that the danger of having her fingers caught in the

nippers and thereby having her hand drawn between the cylinders of the press was not so open and obvious that a person of her age, intelligence, and discretion would be apprised thereof by observation of these parts of the machine and its operation.  The contention that she did not know how firmly the nippers would hold her fingers, if seized by them, and that she might well believe she could, if caught, release her fingers without danger, is against the clear and plain inference to be drawn from the facts in evidence.  The operation of the nippers in grasping the bags and in holding and drawing them into the machine shows that the operation of this appliance must be fraught with danger to a person whose fingers might be caught by the nippers.  It does not seem that any operator of average intelligence could fail to appreciate that if his fingers were grasped by these nippers the inevitable consequences would be dangerous to him.  The facts cannot reasonably be interpreted to permit of any other inference, and raise no question for solution by the jury.  We perceive no escape from the conclusion that the plaintiff was charged with knowledge of this obvious situation so presented to her in operating the machine.  The evidence is without dispute that she had been engaged in the operation of these printing machines for several months and that she possessed the intelligence and information to understand the danger incident to her work.  The employer was therefore not required to instruct her or give her warning as to this danger.  This principle has been applied in numerous instances by this court, some of which are referred to in *Horn v. La Crosse Box Co.* 131 Wis. 384, 111 N. W. 522, and *Groth v. Thomann,* 110 Wis. 488, 86 N. W. 178.

It is also urged that the court erred in directing a verdict for the defendant because the evidence tends to show that it was negligent in failing to guard the feed place so as to prevent her hands from coming in contact with the operating devices at this point, which it is alleged were "so located as to

be dangerous to employees in the discharge of their duty." The trial court held that the facts and circumstances presented no evidence of such negligence. So far as appears, the defendant operated these printing machines and had the work performed in the usual manner and under the ordinary conditions.

The method of operation, as carried on by the plaintiff under defendant's direction, must then be examined to determine whether the situation presented was one from which a jury would be warranted in concluding that the defendant negligently had omitted to guard or protect the machine at which plaintiff was working. The evidence is clear that the practical operation of this printing machine requires that the operator have an open and unobstructed field in front of the rotating cylinders, the nippers, and the guides at the edge of the feed board in order that the bags may properly feed into the printing press. It is manifest that the placing of a board across this area in front of rollers and above the nippers, as suggested by appellant, would obstruct the operator's view and interfere with his manipulation of the work, and thus interfere with and tend to prevent defendant from conducting its business in a proper and customary way. Nor is it manifest that such a guard would be a protection against or lessen the dangers incident to the operation of printing bags. The situation presented by the evidence suggests no such result, and it cannot, therefore, be said that the defendant was guilty of any negligent omission in this regard, assuming, but not deciding, that the provisions of sec. 1636$j$, Stats. (1898), control the case.

We find no reversible error in the record.

*By the Court.*—Judgment affirmed.

TIMLIN, J., took no part.

A motion for a rehearing was denied April 20, 1909.