KEENA, by guardian *ad litem,* Respondent, vs. AMERICAN BOX TOE COMPANY, Appellant.

*November 19—December 6, 1910.*

*Master and servant: Dangerous machinery: Duty to give warning: Infant employee: Questions for jury: Instructions to jury: Prejudicial error: Guarding machinery: Evidence: Special verdict: Form: Adverse witnesses: Constitutional law.*

1. A danger in the operation of machinery which may be held as matter of law to be so open and obvious to an adult employee that there was no duty to warn him thereof may be held otherwise under the same circumstances if the employee is an infant of tender years, and it may then properly be a question for the jury whether the infant employee knew and appreciated, or ought to have known and appreciated, not only the existence of the danger but the extent and character of the risk to which he was subjected thereby.

2. Thus, in this case, it was properly a question for the jury whether a girl fourteen years old should, without warning or instruction, have known and appreciated the extent of the risk to which she was subjected in passing leather shoe tips over the top of two revolving steel rollers about eight inches in diameter between which the tips were being pressed, she standing on the side of the machine where there was no danger, but not being tall enough to look over the upper roller and see the place where she was expected to deposit the tips.

3. In an action for injuries to an infant employee whose fingers were caught between the rollers of a machine at which she was

working, there being no claim that the machine was defective or that the employer was required by sec. 1636*j*, Stats. (1898), to guard such rollers, and the only negligence charged being the failure to warn or instruct her of the danger, it was error to submit to the jury the question whether the machine, in the condition in which it was at the time, was dangerous to the defendant's employees when engaged in their ordinary duties, and in connection with such question to read to the jury said sec. 1636*j* and instruct them that it was in force at the time of the accident.

4. Such error must be held to have been prejudicial where it is impossible from the verdict to tell whether the jury based its finding that defendant was negligent upon the failure to give warning or upon the unguarded condition of the machine.

5. It was also error in such a case to allow proof that at some previous time there had been a guard of some kind on the machine, which had been taken off before the accident.

6. Admitted facts need not be included in a special verdict, but may properly be included in order that the verdict may cover all material facts.

7. An appropriate form of special verdict is suggested in an action where an infant employee sues for injuries alleged to have resulted from the employer's failure to give warning of dangers incident to the work.

[8. Whether the legislature can authorize the calling and examination of an employee of a corporation as an adverse witness, as in sec. 4068, Stats. (Laws of 1907, ch. 271), without giving similar authority in respect to an employee of an individual, doubted.]

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

This is an action for personal injuries. It appeared on the trial that on July 20, 1907, the plaintiff was injured while working at a machine in the defendant's shop in Milwaukee, she being at the time fourteen years and two months old. She had been employed by the defendant corporation about six weeks before the accident, her principal duties being to count and pack in boxes the shoe tips made by the company, which were pieces of leather and canvas pressed together, four or five inches in length and about three inches in width. On

the day of the accident she was called by her brother, Walter Keena, who was foreman of the shop, to assist him at a machine which consisted of two steel rollers about eight inches in diameter, operated by power, and used to straighten the shoe tips as they were passed between the rollers. The machine stands on a table and the rollers revolve toward each other in the manner of a clothes wringer, there being a small shelf about three inches wide on each side. The foreman stood on the side where the rollers move toward each other and fed the tips into the machine between the rollers, and the plaintiff stood upon the other side and was required to take the tips as they came out of the rollers. She had done this before and had been accustomed to pack them in boxes as she took them out, but on this occasion she was told by the foreman to pass them over the top roller when she had got about fifteen or twenty of them and give them to him and he would pack them. She worked about ten minutes, part of the time giving the tips to the foreman and part of the time laying them down upon the shelf upon the foreman's side of the machine in front of the rollers. She claims that she did the latter when he was busy and could not take them. She also testifies that she was not tall enough to look over the machine. After working ten minutes or so, as she withdrew her hand after depositing a pile of tips upon the foreman's side of the machine, her fingers were in some manner caught between the rollers and two of them badly crushed so as to necessitate amputation. The plaintiff claims that she had received no warning or instruction as to the dangers connected with this machine. The jury returned the following special verdict:

"(1) Was the plaintiff injured on the 20th day of July, 1907, by having the fingers of her right hand caught and crushed between the rolls of the 'rolling machine' of the defendant company? A. (by the court by consent of counsel). Yes.

"(2) Did the defendant company, through its foreman,

caution or warn the plaintiff not to get her fingers near or in the rolls in question?    *A.* No.

"(3) Was the 'rolling machine,' in the condition in which it was at the time the plaintiff was injured, dangerous to the employees of the defendant company when engaged in their ordinary duties about the operation of said machine? *A.* Yes.

"(4) Did the defendant negligently fail to warn the plaintiff of any danger incident to the work in which she was engaged at the time of her injury, which was known or ought to have been known to the defendant, but which was unknown or unappreciated by the plaintiff?    *A.* Yes.

"(5) Was the defendant guilty of negligence which was the proximate cause of the plaintiff's injury?    *A.* Yes.

"(6) Ought the plaintiff, in reaching over the roller machine and placing the leather tips on the shelf on the feeding side of the machine, to have known that there was danger of getting her fingers caught between the rollers?    *A.* No.

"(7) Did any failure on the part of the plaintiff to exercise ordinary care for her own safety proximately contribute to her injury?    *A.* No.

"(8) What sum will reasonably compensate the plaintiff for her injury?    *A.* $1,800."

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

*Harry M. Silber,* attorney, and *A. J. Schmitz,* of counsel, for the respondent.

WINSLOW, C. J.    The broad claim is made that the defendant was under no duty to warn the plaintiff of the dangers connected with the operation of the machine, because such dangers, if any, were so open and obvious that even a child of plaintiff's age must be presumed to have known and appreciated them.    Upon this contention reliance is placed on *Groth v. Thomann,* 110 Wis. 488, 86 N. W. 178; *Kuich v. Milwaukee B. Co.* 139 Wis. 101, 120 N. W. 261; and similar cases.

That the case is very close to the border line cannot be doubted.    As to an adult under such circumstances it would

be at once said by the court that the danger was obvious and that he needed no instruction. But how as to a child of fourteen years? The difference in duty which may exist in the case of a child of such tender years and in the case of an adult was quite fully stated and the authorities collated in *Schumacher v. Tuttle P. Co.* 142 Wis. 631, 126 N. W. 46. There seems no necessity of going over the subject again. It is sufficient to say that it will often be held as matter of law that a danger is open and obvious to an adult and that he needs no caution, when it would also be held under the same circumstances, if an infant of tender years be involved, that it was properly a question for the jury whether he knew and appreciated or ought to have known and appreciated not only the existence of the dangerous agency but the extent and character of the risk to which he was subjected thereby. In the present case we have concluded that it was properly a question for the jury whether this infant, without warning or instruction, should have known and appreciated the extent of the risk to which she was subjected in passing the tips back over the rollers as she was directed to do. She was but fourteen years of age and had had practically no experience with machinery; she was standing on the side of the machine where there was no danger; she was not tall enough to look over the top roll and see the place where she was expected to deposit the tips which she took away from the machine; and we think it was fairly a question for the jury whether under these circumstances so young and inexperienced a child should be held to have known and appreciated, without warning, the risk which she was running, or the danger that a slight miscalculation in setting down the tips or in withdrawing her hand might bring a finger or two in contact with the roller.

There was, however, one very palpable and prejudicial error committed by the trial court in the trial of the case and which necessitates reversal of the present judgment. The complaint charged negligence in one respect only, namely, in

neglecting to warn or instruct the plaintiff as to the dangers incident to the operation of the machine.    There was no claim that the machine was in any respect defective.    Nor could it be claimed that these rollers were required to be fenced or guarded under the provisions of sec. 1636*j*, Stats. (1898). That section only covers "belting, shafting, gearing, hoists, fly-wheels, elevators and drums," and these rollers do not come within any of those classes.    Hence the third question of the verdict had no proper function to perform in the case and should not have been submitted.    To accentuate this error the trial judge read to the jury sec. 1636*j* in connection with his instructions on the third question, and told them that it was in force at the time of the accident.    This statute was absolutely immaterial, and the reading of it could leave no other thought on the minds of the jury than the thought that the trial judge had decided that it had application to the case and required the rolls to be guarded if dangerous to employees.

These errors might not affect the judgment if the jury had found affirmatively that the proximate cause of the accident was the negligent failure to warn the plaintiff of the danger, but they did not.    It is impossible to tell from the verdict whether they based their conclusion of negligence on the failure to warn or on the unguarded condition of the machine.

These considerations also make it certain that it was error to allow proof that at some time previous to the accident there had been a guard of some nature upon the machine, which had been taken off.

Some exceptions are argued involving the form of the questions in the special verdict and the refusal of the court to submit certain questions proposed by the appellant.    We do not find it necessary to state these exceptions in detail.    As before indicated, the third question of the verdict was improperly included.    The questions at issue were few and simple. . Perhaps if it were not for the fatal error resulting from the insertion of the third question and the instruction incorporating

sec. 1636*j* in the charge, we might be able to say that the issues were substantially covered by the remaining questions, but they are not happily worded and upon another trial may be much simplified.

The first question is strictly unnecessary, because the fact was admitted both in the pleadings and the evidence, but is properly enough included in the verdict in order that it may cover all the facts. The remaining questions might well be framed substantially as follows: Was the danger of getting her fingers caught in the rollers so obvious that the plaintiff, considering her age and experience, should have known and appreciated it prior to her injury? If not, then did the defendant fail to give the plaintiff such warning or instruction prior to her injury as would enable a person of her age and experience, exercising ordinary care, to appreciate such danger? If the last question be answered in the affirmative, then was such failure the proximate cause of the injury? Did any lack of ordinary care on the part of the plaintiff proximately contribute to her injury? What sum will reasonably compensate the plaintiff for her injury?

Walter Keena, the plaintiff's brother, who set her at work and who testified that he was "foreman and superintendent" of the defendant company, was called as an adverse witness by the plaintiff, under sec. 4068, Stats. (1898), as amended by ch. 271, Laws of 1907. His examination as an adverse witness was objected to on the ground that so much of the statute as permits the mere employee of a corporation to be examined as an adverse witness is unconstitutional under the doctrine laid down in *Phipps v. Wis. Cent. R. Co.* 133 Wis. 153, 113 N. W. 456. The objection was overruled and he was examined as if under cross-examination. All the testimony which the witness gave on this adverse examination related to the guard which had formerly been upon the machine, its construction and purpose.

This testimony was entirely immaterial, because negligence

in the construction of the machine was not charged, nor was the machine within the statute, sec. 1636j.   As this ruling makes it probable that it will not be desired to call the witness adversely upon another trial, it seems that it will not be necessary to decide the constitutional question raised at this time, and this court does not take up such questions unless absolutely necessary.   It may be said, however, that under the *Phipps Case* it seems that it is a very serious question whether the legislature can authorize the employee of a corporation to be called and treated as an adverse witness and not authorize the employee of an individual to be so called.   It would doubtless be the part of wisdom to avoid raising so serious a question except in case of absolute necessity, and it appears that there will be no such necessity upon a second trial.

None of the other errors claimed is deemed of sufficient importance to require attention.

*By the Court.*—Judgment reversed, and action remanded for a new trial.