## CASALS et al. v. FERNANDEZ.

### No. 2417.

Circuit Court of Appeals, First Circuit.

May 17, 1930.

Jose Tous Soto, of Ponce, Porto Rico, and O. B. Frazer, of San Juan, Porto Rico, for appellants.

Max L. Glazer, of Boston, Mass. (Augustus Loschi, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

This is an action in which the rights of the appellee depend on the establishment of her claim to be the legitimate offspring of the marriage of one Juan Garcia Villarraza with one Manuela Fernandez.

For nearly twenty years the appellee has been seeking to establish her claim as an heir of Juan Garcia Villarraza. Aguayo et al. v. Garcia, 11 Porto Rico 263; Garcia v. Aguayo et al., 29 Porto Rico 954; Garcia v. Aguayo et al., 32 Porto Rico 392.

The record discloses that Juan Garcia, when a young man, was first married to a lady, Carmen Beltran, who died in March, 1883; that according to the reconstructed records of the parish of Guira de Melena in the province and diocese of Havana, in November, 1883, he was married to one Manuela Fernandez; that in the records of birth in the province and diocese of Havana is recorded the birth of the appellee on September 7, 1884, as the legitimate daughter of Juan Garcia and Manuela Fernandez; that on May 24, 1891, Manuela Fernandez died, and her death certificate stated that she was the wife of Juan Garcia Villarraza; that on November 28, 1891, Juan Garcia was married to the appellant, Josefa Aguaya Casals, and that the marriage certificate signed by the appellant, Josefa Aguayo, also contains the statement that Juan Garcia Villarraza was the widower of Manuela Fernandez. Juan Garcia died in 1899.

The appellant in this action, relying on the reconstructed record of a marriage of Juan Garcia to Manuela Fernandez in November, 1883, and the statements in her birth certificate and in the death certificate of Manuela Fernandez, and in the marriage certificate of her father with the appellant, Josefa Aguayo, prays to be declared the legitimate daughter and heir of said Juan Garcia Villarraza, and seeks to recover her share of the estate of her father as such heir.

The original proceeding in this drawn-out

litigation was an action brought in 1904 by the appellants to obtain a judicial declaration that the appellee and her brother were not the legitimate children of Juan Garcia, and consequently had no right of inheritance. The District Court found that Elvira had the status· of a legitimate child of Juan Garcia, but the Supreme Court reversed the finding of the District Court on the ground that no record of the marriage between Juan Garcia and Manuela Fernandez was produced. On the date set for the new trial below in 1908, the plaintiffs filed a motion for judgment which was granted without a trial.

In 1918 the appellee and her brother brought the present action, alleging their status as the legitimate children of Juan Garcia. The brother later, for reasons appearing in the record, abandoned his claim. The District Court decided against the appellee on the ground that by reason of the previous decision in the action brought by the appellants in 1904, her status as the heir of Juan Garcia was res adjudicata. The Supreme Court, however, reversed this judgment and sent the case back for further proceedings. 29 Porto Rico 954.

At a new trial the appellee and plaintiff offered as proof of her legitimacy a duly certified copy of a reconstructed record of the marriage of her father and mother, Juan Garcia and Manuela Fernandez, and of her certificate of birth. The death certificate of her mother, Manuela, and the certificate of marriage of Juan Garcia to the appellant, Josefa Aguayo, were also introduced. There was some real evidence that Juan Garcia and Manuela Fernandez lived together and were reputed in the community to be husband and wife.

The District Court rejected the copy of the reconstructed record of the marriage on the ground that the reconstruction was not shown to have been authorized by the proper authority, and decided against the plaintiff. On appeal the Supreme Court reversed the judgment of the District Court and held that there was sufficient evidence of a properly reconstructed record, the original records having been destroyed, and that the copy should have been admitted. 32 Porto Rico 392.

On a new trial in the District Court, the reconstructed record was admitted in addition to the other records of birth, death, and marriage, and the court found that the plaintiff Elvira was the legitimate daughter and heir of Juan Garcia, and, as such, entitled to her share of his estate.

On appeal the Supreme Court of Porto Rico sustained the finding of the District Court, and the case is here on appeal from the Supreme Court.

Proof of marriages nearly fifty years ago are attended with more difficulties than in recent years, and especially in a country in which changes of government have occurred and wars and insurrections taken place. Exact compliance with technical rules of evidence might entail great hardship, and the best evidence rule may well be invoked.

■ However, the Supreme Court of Porto Rico held in 32 Porto Rico 392, that the evidence of a properly reconstructed record of the marriage of Juan Garcia and Manuela Fernandez in accordance with the canonical law was sufficient to warrant the admission of the reconstructed record as equivalent to the original. No appeal was taken from this decision. This ruling on substantially the same evidence became the law of the case in any further proceedings. Horn v. LaCrosse Box Co., 131 Wis. 384, 111 N. W. 522; Gray v. Merchants' Ins. Co., 125 Ill. App. 370; Ill. Cent. R. Co. v. Houchins, 125 Ky. 483, 101 S. W. 924, 31 Ky. Law Rep. 93; The Nuestra Senora de Regla, 108 U. S. 92, 101, 2 S. Ct. 287, 27 L. Ed. 662; Supervisors of Wayne County v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Re Sanford Fork & Tool Co., 160 U. S. 247, 16 S. Ct. 291, 40 L. Ed. 414.

■ The Supreme Court of Porto Rico has also held in other cases that statements in records of birth, death, and marriage under circumstances analogous to those present in this case, as to pedigree and kindred matters, are not without some probative effect. Ex parte Otero, 27 Porto Rico 315; Tardi v. Tardi, 30 Porto Rico 209; also see Sison v. Ambalada, 30 Phil. Rep. 118.

■ The judgment of the Supreme Court must be affirmed. As to the assignment of error that the judgment of the court allowing costs carries with it counsel fees, this was the judgment of the District Court. The question was not raised by exceptions in the Supreme Court and was therefore not passed upon. We are therefore of the opinion that the question of allowing counsel fees in the case is not properly before this court.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs.